**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NETCRAFT CORPORATION,

Plaintiff,

v.

AT&T INC.,
AT&T MOBILITY LLC,
BOOST MOBILE, LLC,
CELLCO PARTNERSHIP,
SPRINT NEXTEL CORPORATION, and
T-MOBILE USA, INC.,

Defendants.

C.A. No. ________________

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Netcraft Corporation files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. Netcraft Corporation states and alleges the following:

## THE PARTIES

1. Plaintiff Netcraft Corporation ("Netcraft") is a corporation organized and existing under the laws of the State of Delaware.

2. On information and belief, Defendant AT&T Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 175 East Houston Street, San Antonio, Texas 78205.

3. On information and belief, Defendant AT&T Mobility LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC is a subsidiary of AT&T, Inc. and was formerly known as Cingular Wireless, LLC. AT&T, Inc. and AT&T Mobility LLC are collectively referred to as the "AT&T Defendants."

4. On information and belief, Defendant Sprint Nextel Corporation ("Sprint") is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191.

5. On information and belief, Defendant Boost Mobile, LLC ("Boost Mobile") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8845 Irvine Center Drive, Suite 200, Irvine, California 92618. Boost Mobile is a subsidiary of Sprint.

6. On information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 12920 Southeast 38th Street, Bellevue, Washington 98006.

7. On information and belief, Defendant Cellco Partnership is a partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920. Cellco Partnership does business as Verizon Wireless, and is a joint venture between Verizon Communications Inc. and Vodaphone Group PLC.

**JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. The Court has personal jurisdiction over the AT&T Defendants because they are both incorporated in the State of Delaware; because they both regularly conduct business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting

business in this judicial district; and/or because they have each committed acts of patent infringement in this judicial district.

10. The Court has personal jurisdiction over Sprint because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

11. The Court has personal jurisdiction over Boost Mobile because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

12. The Court has personal jurisdiction over T-Mobile because it is incorporated in the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

13. The Court has personal jurisdiction over Cellco Partnership because it was organized and is existing under the laws of the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

14. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**COUNT I**
**(PATENT INFRINGEMENT)**

15. Netcraft restates and realleges the preceding paragraphs of this Complaint.

16. On August 11, 1998, United States Patent No. 5,794,221 ("the '221 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '221 patent by assignment. A true and correct copy of the '221 patent is attached as Exhibit A.

17. On June 25, 2002, United States Patent No. 6,411,940 ("the '940 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '940 patent by assignment. A true and correct copy of the '940 patent is attached as Exhibit B.

18. AT&T Defendants have been and are infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

19. AT&T Defendants were given notice of the '221 patent by Netcraft at least as early as September 1999.

20. AT&T Defendants have been and are infringing '221 and/or '940 patents with knowledge of one or more of the patents, and thus AT&T Defendants' infringement is willful.

21. Sprint has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

22. Boost Mobile has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

23. Sprint has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

24. Cellco Partnership has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

25. Upon information and belief, Defendants will continue to infringe the '221 and '940 patents unless and until they are enjoined by this Court.

26. The Defendants have caused and will continue to cause Netcraft irreparable injury and damage by infringing the '221 and '940 patents. Netcraft will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until the Defendants are enjoined from infringing these patents.

**PRAYER FOR RELIEF**

WHEREFORE, Netcraft respectfully requests that this Court:

(1) Enter judgment that Defendants have infringed the '221 and '940 patents;

(2) Enter an order permanently enjoining Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '221 and '940 patents;

(3) Award Netcraft damages in an amount sufficient to compensate it for Defendants' infringement of the '221 and '940 patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4) Award Netcraft an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5) Treble the damages awarded to Netcraft under 35 U.S.C. § 284 by reason of Defendants' willful infringement of the '221 and '940 patents;

(6) Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Netcraft its attorney fees, expenses, and costs incurred in this action; and

(7) Award Netcraft such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Netcraft demands a trial by jury on all issues so triable.

Dated: October 17, 2007

FISH & RICHARDSON P.C.

By: [signature]

Timothy Devlin (#4241)
Kyle Wagner Compton (#4693)
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
tdevlin@fr.com
kcompton@fr.com
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Craig R. Smith
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906

Michael J. Kane
William R. Woodford
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Attorneys for Plaintiff
NETCRAFT CORPORATION

60426549.d0c

# Exhibit A

US005794221A

# United States Patent [19]

[11] Patent Number: 5,794,221

[45] Date of Patent: Aug. 11, 1998

Egendorf

[54] **INTERNET BILLING METHOD**

[76] Inventor: **Andrew Egendorf**, P.O. Box 693, Lincoln, Mass. 01773

[21] Appl. No.: **499,535**

[22] Filed: **Jul. 7, 1995**

[51] Int. Cl.[6] ........ **G06F 13/00**

[52] U.S. Cl. ........ **705/40**

[58] Field of Search ........ 395/201, 226, 395/240, 244; 705/40

[56] **References Cited**

U.S. PATENT DOCUMENTS

5,146,491 9/1992 Silver et al. ........ 379/114
5,446,489 8/1995 Egendorf ........ 348/3

OTHER PUBLICATIONS

"New Line for SBA," Family and Home Office Computing, V.12, N.4, Apr. 1994.

Cummings, "Internet Service Providers to Ride a Familiar Roller Coaster," Business Communications Review, V.25, N.1, pp. 67–68, Jan. 1995.

Bremmer, Guide to Database Distribution: Legal Aspects and Model Contracts, 2nd. Ed., National Federation of Abstracting and Information Services, Chs. 3, 4 and 6, 1994.

Into the Cyberspace, Credit Card Management, v 7, n 11, p. 34 +, Feb. 1995.

Building the Tools for Web Commerce, Interactive Age, v 2, n 8, p. 34 +, Feb. 13, 1995.

Blankenhorn, Virtual mall Opens in Cyberspace, Newsbytes, Jun. 20, 1994.

Paul, Database and Bulletin Board Services: Aa Guide to On–line Resources, Quill, v81, n7, p. 18(3), Sep. 1993.

Singleton, Cash on the Wirehead: You Can't Do Business On the Internet if You Can't Pay Your Bills or Get Paid. Here's How, BYTE, p. 71, Vol. 20, No. 6, Jun. 1995.

Byte, vol. 20, No. 6, Jun. 1995, Andrew Singleton, "Cash on the Wirehead", 9th Section on First Virtual.

Interactive Age, v2, No. 8, issued Feb. 13, 1995, Dana Blankenhorn, "Building the Tools for Web Commerce", p. 34 +, Trusted Intermediaries Section.

Credit Card Management, v7, No. 11, issued Feb., 1995, "Into the Cyberspace", p. 34 +, see entire document.

Business Journal, v12, No. 40, Alex Wiegers, issued Dec. 26, 1994, "First Virtual Really Pays Bills", p. 1(2), see entire document.

First Virtual Internet Web Site,http://www.fv.com,downloaded Jul. 29, 1996,authors unknown "Information About First Virtual",esp. Payment System Summary,Buying—Complete Details . . . .

First Virtual Bank of Cyberspace, Newsbytes News Network, Oct. 28, 1994, see pp. 1–2 see entire document.

Paul, Database and Bulletin Board Services: A Guide to On–Line Resources, Quill, Sep. 1993, v81, n7, p. 18(3), see second and third pages.

*Primary Examiner*—Edward R. Cosimano
*Assistant Examiner*—Phillip Groutt
*Attorney, Agent, or Firm*—Sprung Kramer Schaefer & Briscoe

[57] **ABSTRACT**

An Internet billing method comprises establishing an agreement between an Internet access provider and a customer, and an agreement between the Internet access provider and a vendor, wherein the Internet access provider agrees with the customer and the vendor to bill the customer and remit to the vendor for products and services purchased over the Internet by the customer from the vendor. The provider creates access to the Internet for the customer. When the customer orders a product or service over the Internet from a vendor, transactional information transmitted between the customer and the vendor is also transmitted to the provider. The provider then bills the transaction amount to the customer and remits a portion of the transaction amount to the vendor, keeping the differential as a fee for providing the service. As a result of this method, there is no need for any customer account numbers or vendor account numbers to be transmitted over the Internet, thereby maintaining the security of that information.

**33 Claims, 3 Drawing Sheets**




VENDOR 8.n
VENDOR 8.1
ACCESS NETWORK 7
CUSTOMER 10.n
CUSTOMER 10.1
PROVIDER 9
VENDOR 5.n
VENDOR 5.1
INTERNET 1
CUSTOMER 4.n
CUSTOMER 4.1
ACCESS NETWORK 3
VENDOR 6.n
VENDOR 6.1
PROVIDER 2

FIG. 1

ESTABLISH AGREEMENTS BETWEEN PROVIDER AND CUSTOMERS AND BETWEEN PROVIDER AND VENDORS
11

↓

CONNECT CUSTOMER TO INTERNET
12

↓

CUSTOMER AND VENDOR EXCHANGE TRANSACTIONAL INFORMATION
13

↓

PROVIDER OBTAINS TRANSACTIONAL INFORMATION
14

↓

VENDOR DELIVERS PRODUCT OR SERVICE TO CUSTOMER
15

↓

PROVIDER BILLS CUSTOMER ACCOUNT
16

↓

PROVIDER REMITS PAYMENT TO VENDOR
17

FIG. 2


ESTABLISH AGREEMENTS BETWEEN VENDOR AND PROVIDERS 21
CUSTOMER CONNECTS TO INTERNET 22
CUSTOMER AND VENDOR EXCHANGE TRANSACTIONAL INFORMATION 23
VENDOR DELIVERS PRODUCT OR SERVICE TO CUSTOMER 25
VENDOR RECEIVES REMITTANCE FROM PROVIDER 27

FIG. 3

## INTERNET BILLING METHOD

### BACKGROUND OF THE INVENTION

The present invention relates to a method of billing for commercial transactions over the Internet.

The Internet is a vast worldwide interconnection of computers and computer networks. The Internet does not consist of any specific hardware or group of connected computers, rather it consists of those elements that happen to be interconnected at any particular time. The Internet has certain protocols or rules regarding signal transmission and anyone with the proper hardware and software can be part of this interconnection.

At present, the technical and financial requirements for connecting directly to the Internet are beyond the resources of most individuals and thus new businesses known as Internet access providers have proliferated. These providers invest in the equipment needed to provide access to the Internet for subscribers who pay the providers a fee for the access. Providers include companies whose only business is to offer connection to the Internet, as well as on-line services such as Compuserve, American On-Line, and Prodigy. In addition, telephone companies and cable television companies have announced plans to provide Internet access. A party desiring to connect to the Internet by means of a provider typically connects via a modem over a telephone network to the provider's equipment which then connects the party, through the provider's equipment, to the Internet.

Although the origin of the Internet was for military use, today the primary users of the Internet are civilian. There is great activity at present attempting to utilize the Internet as a channel of commerce.

Many vendors advertise their products and services over the Internet and solicit orders from Internet users for these wares. While the preferred mode of payment is by credit card, there is great reluctance to transmit credit card account information over the Internet because of lack of security. Moreover, in situations wherein the transaction amount is small—from pennies to a few dollars—it is not economically feasible to use a credit card transaction. There is a need to be able to ensure that commercial transactions over the Internet are at least as secure as conventional transactions over the telephone, through the mails, and with on-line services where credit cards and/or billing accounts are used for purchases. Similarly, there is a need to be able to handle on the Internet a large number of small-sized transactions, similar to what is done by telephone companies for conventional telephone service.

The lack of security and the lack of a means to bill for small transactions are the biggest obstacles to commercial use of the Internet.

### SUMMARY OF THE INVENTION

The main object of the present invention is to create a new business opportunity for telephone companies, cable television companies, existing Internet access providers, and companies offering financial services by creating a way for them to offer to their subscribers a method of securely buying and selling goods and services of any value over the Internet.

Another object of the present invention is an Internet billing method which is cost effective for transactions having transaction amounts ranging from pennies to a few dollars.

Still another object of the present invention is to provide a secure method of billing commercial transactions over the Internet.



A further object of the present invention is an Internet billing method which is simple to use from both the customer's point of view and that of vendors on the Internet.

Yet another object of the present invention is a billing method which can be used by a large number of existing Internet users without requiring major changes in how the users customarily behave and conduct commercial transactions.

These and other objects and advantages of the present invention are achieved by an Internet billing method in accordance with the present invention. A provider establishes an agreement with a customer, and a second agreement with a vendor, wherein the provider agrees with the customer and the vendor to bill for products and services purchased over the Internet by the customer from the vendor. Associated with the customer agreement are one or more billing accounts to which purchases may be charged. Associated with the vendor agreement are one or more methods of remitting funds to the vendor. The provider creates access to the Internet for the customer through the provider's equipment. When the customer orders a product or service over the Internet from the vendor, the provider obtains transactional information transmitted between the customer and the vendor including a transaction amount relating to the ordered product or service and the provider then bills the transaction amount to a customer billing account and remits a portion of the transaction amount to the vendor.

Which accounts are used may be specified in the agreements made between the provider and the customer and between the provider and the vendor, or may be specified in the transactional information. If specified in the transactional information, the selection of account can be made by referencing the type of account (e.g., "VISA", "phone bill"), or the position of that account on a predetermined list (e.g., "the 3rd account"), and does not require that any actual account numbers be transmitted.

By the use of this method, there is no need for the customer to transmit over the Internet any information containing any of the customer's billing account numbers thereby maintaining the security of that information.

The present invention, in a preferred embodiment, is a method of providing merchants with the ability to offer their customers secure transactions for the purchase of goods and services of any value over the Internet, without the need for the customer to transmit any credit card or other account numbers over the Internet, without the need for the customer to sign up with any additional provider of services, and without the need to change the manner in which most customers currently use the Internet.

In accordance with the present invention, a customer desiring to purchase goods and services over the Internet has prearranged access to the Internet through the services of an Internet access provider. Such providers can be, for example, companies whose only business is to offer connection to the Internet, companies which offer on-line computer services, one of which is connection to the Internet, cable television companies, or telephone companies. In arranging for access with such a provider, the customer has agreed with the provider on a method of payment which is, for example, by billing, or charge to a credit card, or charge to an account of the user which could be an account specific to the Internet or could be a more general account, such as an on-line computer services account, a cable television account, a telephone account, or a bank account.

Once the prearrangements have been completed, using the provider's service to connect to the Internet typically

involves calling a telephone number of the provider and being automatically connected through the provider's equipment to the Internet.

Once connected to the Internet, the customer can browse around until an item is located that the customer wishes to purchase, at which time the customer will follow the instructions created by the vendor, exchange transactional information, and ultimately agree to purchase something by taking an appropriate action. In the course of making the purchase, the means of delivery of the goods or service will be established. Depending on the type of goods, delivery can be made, for example, by mail (e.g., in the case of a purchase of a book), by courier service (e.g., in the case of a purchase of flowers), or by electronic transmission over the Internet (e.g., in the case of delivery of an electronic newsletter or piece of software). The remaining element of the purchase transaction is the manner in which the customer pays the vendor.

In accordance with the present invention, the provider has made arrangements with vendors who wish to sell goods and services over the Internet to the customers of the provider. The provider agrees to do the billing associated with such sales for the vendors, and as part of the agreement, the provider and the vendor have agreed on the manner in which the provider will remit funds to the vendor. Examples of payment include payment by check, credit to the vendor's credit card merchant account, or credit to another account of the vendor's, such as the vendor's cable television account, telephone account, or bank account. The account of the vendor to be credited need not be with the provider. The arrangements that are made will depend on the vendor's desires and the capabilities of the provider. For example, if the vendor anticipates many small transactions and the provider is a telephone company, they can agree that the provider will credit the vendor's existing telephone account for amounts under some nominal amount and credit the vendor's credit card merchant account for larger amounts. If the vendor anticipates large transactions, then they may agree that the provider will pay by check or direct credit to the vendor's bank account.

In a typical transaction in accordance with the present invention, from the customer's point of view all use of the Internet appears to be conventional. Depending upon the prearrangements made between the provider and the customer and between the provider and the vendor, the customer can charge a purchase, for example, to a credit card, to a cable television account, to a telephone account or to a bank account. The account of the customer to be billed need not be with the provider. For example, the customer may be using one telephone company as an access provider and a second telephone company as a telephone service provider and the account to be billed is that with the second telephone company. The customer specifies which account is to be billed by an indication to the provider, but neither the customer nor the vendor has to transmit any account numbers over the Internet, because it is the provider, not the vendor, who submits the charge to the credit card company, the cable television company, the telephone company, or to another account of the customer, or who debits the bank account of the customer, and the provider already has been given, during the course of making prearrangements with the customer and the vendor, the appropriate account numbers of both the customer and the vendor. The provider sends this information to the appropriate party, and may do so by the same secure means customarily used for similar transactions not made over the Internet.

From the vendor's point of view, the transaction is as secure as a transaction made over the telephone with a credit



card. If the vendor wishes, the vendor may verify with the provider that the address supplied by the customer for shipment of the goods has been authorized by the customer in the same manner in which such verification would be made for the same transaction made over the telephone with a credit card. In addition, because such a verification does not require the transmission of any account numbers of the customer, the verification can be done over the Internet as part of the transaction transmission itself if the provider and the vendor have prearranged to do so.

From the provider's point of view, the provider is made aware that the customer has authorized the charge by monitoring the data being sent over the Internet through the provider's equipment between the customer and the vendor. This can be done, for example, by specifying a specific code which, when sent between the customer and the vendor, indicates to the provider that a transaction has been completed. When the customer has made a purchase, the provider charges the transaction amount to the agreed account of the customer and remits the agreed portion of that amount to the vendor, keeping the differential as the provider's charge for making the service available.

These and other features and advantages of the present invention will become apparent from the following detailed description of the invention with reference to the attached drawings, wherein:

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a block diagram of a system for carrying out the billing method according to the present invention;

FIG. 2 is a flow chart of one embodiment of the method according to the present invention; and

FIG. 3 is a flow chart of another embodiment of the method according to the present invention.

## DETAILED DESCRIPTION OF THE INVENTION

Referring to FIG. 1, a system for carrying out the method of the present invention is shown. In that system, the Internet is shown schematically as network 1 to which providers 2, 9, vendors 5.1–5.n, 6.1–6.n and 8.1–8.n, and customers 4.1–4.n and 10.1–10.n (where n is an integer to indicate a range from one to many) are connected in different ways.

Provider 2 is connected to access network 3 and the Internet 1 and provides access to the Internet 1 for customers 4.1–4.n and vendors 6.1–6.n connected to access network 3. Access network 3 can be a telephone network, a cable television network, an on-line services network such as Compuserve, American On-Line, or Prodigy, or a private Internet access network. Similarly, provider 9 is connected to access network 7 and the Internet 1 and provides access to the Internet 1 for customers 10.1–10.n and vendors 8.1–8.n. Vendors 5.1–5.n access the Internet directly by their own equipment.

In accordance with the method shown in the flow chart of FIG. 2, for example, in step 11 provider 2 establishes agreements with vendors 5.1–5.n who are connected directly to the Internet, with vendors 6.1–6.n who access the Internet via access network 3 and provider 2, and with vendors 8.1–8.n who are connected to the Internet 1 via access network 7 and provider 9, to bill customers 4.1–4.n for goods and services purchased by them over the Internet from vendors 5.1–5.n, 6.1–6.n and 8.1–8.n. Provider 2 also agrees to remit a portion of the collected money back to the vendors. Provider 2 also establishes an agreement with each

of customers **4.1–4**.n. These agreements provide that the provider will bill the customer for goods and services purchased by them over the Internet. The billing will be done to billing accounts established in connection with the agreements. The billing accounts can be, for example, credit card accounts, telephone accounts, cable television accounts, on-line services accounts, or bank accounts. The accounts need not be with the provider if the provider has a billing agreement in place with the party with whom the account was established.

As part of the services of the provider to customers **4.1–4**.n, the customer is connected to the Internet **1** in step **12** at a desired time, typically by making contact via modem. Once connected to the Internet, the customer can interface with any one of vendors **5.1–5**.n, **6.1–6.n** and **8.1–8**.n in order to find out about products or services offered by those vendors.

When one of customers **4.1–4.n** makes the decision to order a product or service from one of vendors **5.1–5**.n, **6.1–6.n** and **8.1–8**.n, in step **13** an exchange of transactional information occurs between the customer and the vendor. This exchange may include identifying information relating to the customer, such as the customer's Internet address, information relating to the products or services to be purchased, including the transaction amount, the manner and time of delivery, and a reference number to identify the order. The vendor or the customer also can produce a verification code signifying that a transaction has been completed which can be received by provider **2**.

In step **14**, the transactional information is obtained by provider **2**. The communication can be a separate transmission by the vendor or the customer to provider **2**, or provider **2** can extract the information from the exchange of information taking place between the customer and the vendor through equipment of provider **2**. Provider **2** can then send verifying information to one or both of the customer and vendor to indicate that the transaction has been approved, if approval of a third party, such as credit card company, is required. Most importantly, the entire transaction takes place without the need of communicating the customer's credit card or other account number over the Internet **1**.

The product or service is delivered to the customer in step **15** and the appropriate customer account is billed by provider **2** in step **16**. Provider **2** then remits the agreed payment in the appropriate manner to the vendor in step **17**, keeping the differential as a service charge for the services rendered by provider **2**. Steps **15**, **16** and **17** may be performed in any order.

As can be seen from FIG. **1**, the method according to the present invention can be carried out in many ways. For example, referring to FIG. **3**, vendor **5.1** in step **21** can establish remitting agreements with provider **2** and provider **9** to remit to vendor **5.1** a portion of a transaction amount billed to the billing account of any one of customers **4.1–4**.n and **10.1–10**.n.

Similarly, each of vendors **6.1–6.n** can establish a remitting agreement with provider **9** for transactions carried out over the Internet between each of vendors **6.1–6.n** and customers **10.1–10**.n.

A customer connects to the Internet in step **22**. The customer exchanges transactional information with the vendor in step **23** and the vendor delivers a product or service to the customer in step **25**, either before or after the vendor receives remittances from the provider in step **27**.

In accordance with another feature of the present invention, prior to the billing of the transaction amount to the account of the customer, and after obtaining the transactional information, the provider can obtain approval from a third party to bill the transaction amount to the billing account. This is particularly true in the case where the billing account is a credit card account or a bank account. In that instance, approval must be obtained from a third party, i.e., the bank issuing the credit card or with whom the bank account was established. Where the account is with the provider, approval would be obtained from the provider itself. In a preferred embodiment of the present invention, the approval can be obtained over the Internet and most preferably during the communication between the customer and the vendor.



In accordance with a further feature of the present invention, the customer can specify a particular billing account, for example, a credit card account, a bank account, a telephone number account, a cable television account or an on-line services account at the time that the billing agreement is established with the provider. The specification can provide that one account will be used for certain transactions, and a different account for other transactions, for example, a telephone account for transactions less than $5.00, and a bank account for transactions of at least $5.00. Thereafter, whenever the transaction amount is to be billed, it will be billed to that specified billing account. Alternatively, the customer can specify a plurality of billing accounts, for example, an AMEX account, a VISA account, a Mastercard account at the time that the billing agreement is established. When the transactional information is communicated, it will include an identification of which of those plurality of billing accounts the customer wants billed, without, however, specifying the account number of the account. Thus the customer can merely indicate the account by the "brand" name AMEX, VISA or Mastercard or the customer can identify it as the first account, second account or third account on a list previously established with the provider.

As noted above, the billing account is not necessarily with the provider, that is, it can be with a third party such as a bank issuing a credit card, or a bank at which the customer has a bank account. Alternatively, the provider can be a first telephone company, but the billing account can be with a second telephone company and charged by the first telephone company to the telephone number account of the customer with the second telephone company, as is customarily done in connection with conventional telecommunications services.

In accordance with the invention, the remitting can be by means of sending money or by crediting a vendor account such as a credit card merchant account, a bank account, a telephone number account, a cable television account or an on-line services account.

In a preferred embodiment of the present invention, the step of establishing the remitting account comprises specifying a particular vendor account to which the portion of the transaction amount will be remitted. The specification can provide that one account will be used for certain transactions, and a different account for other transactions, for example, a telephone account for transactions less than $5.00, and a bank account for transactions of at least $5.00. In an alternative embodiment of the present invention, the step of establishing the remitting agreement comprises the vendor specifying a plurality of vendor accounts to which a portion of the transaction account can be remitted. Thus when the transactional information is communicated, the vendor can identify which one of the plurality of vendor accounts the amount is to be remitted to without, however, specifying the specific account number.

The vendor account can be an account with the provider or an account with a third party such as a credit card merchant account, or bank account, with a bank, or a cable television account with a cable television company.

It is understood that the embodiments described hereinabove are merely illustrative and are not intended to limit the scope of the invention. It is realized that various changes, alterations, rearrangements and modifications can be made by those skilled in the art without substantially departing from the spirit and scope of the present invention.

What is claimed is:

1. An Internet billing method comprising the steps by an Internet access provider of:

establishing a billing agreement with at least one customer and a remitting agreement with at least one vendor to bill at least one billing account of the at least one customer for products, and for services other than Internet access, purchased over the Internet by the at least one customer from the at least one vendor and to remit to the at least one vendor;

connecting the at least one customer to the Internet for a desired connection period during which the at least one customer makes at least one communication over the Internet whereby the at least one customer authorizes a purchase by the at least one customer from the at least one vendor;

receiving at least one billing authorization communication directed to the Internet access provider by the at least one customer prior to receiving any billing request directed to the Internet access provider by the at least one vendor and thereafter billing a transaction amount related to the purchase to the at least one billing account of the at least one customer in accordance with the billing agreement; and

remitting a portion of the transaction amount to the at least one vendor in accordance with the remitting agreement.

2. An Internet billing method comprising the steps by an Internet access provider of;

establishing a billing agreement with at least one customer and a remitting agreement with at least one vendor to bill at least one billing account of the at least one customer for products, and for services other than the Internet access, purchased over the Internet by the at least one customer from the at least one vendor and to remit to the at least one vendor;

connecting the at least one customer to the Internet for a desired connection period during which the at least one customer makes at least one communication over the Internet whereby the at least one customer authorizes a purchase by the at least one customer from the at least one vendor;

obtaining at least one billing authorization from at least one communication directed to the at least one vendor by means of the Internet access provider by the at least one customer prior to receiving any billing request directed to the Internet access provider by the at least one vendor and thereafter billing a transaction amount related to the purchase to the at least one billing account of the at least one customer in accordance with the billing agreement; and

remitting a portion of the transaction amount to the at least one vendor in accordance with the remitting agreement.

3. The method according to claim 1 or 2, wherein the at least one billing authorization does not include an account number of the at least one billing account.

4. The method according to claim 2, wherein the at least one communication of the obtaining step is the same as the at least one communication of the connecting step.

5. An Internet billing method comprising the steps by an Internet access provider of:

establishing a billing agreement with at least one customer and a remitting agreement with at least one vendor to bill at least one billing account of the at least one customer for products and for services other than Internet access, purchased over the Internet by the at least one customer from the at least one vendor and to remit to the at least one vendor;

connecting the at least one customer to the Internet for a desired connection period during which the at least one customer makes at least one communication over the Internet whereby the at least one customer authorizes a purchase by the at least one customer from the at least one vendor;

receiving information including a transaction amount from the at least one vendor relating to the purchase authorized by the at least one communication and thereafter billing the transaction amount related to the purchase to the at least one billing account of the at least one customer in accordance with the billing agreement and without receiving any confirmation of the purchase from the at least one customer after receiving the information and before billing the transaction amount; and

remitting a portion of the transaction amount to the at least one vendor in accordance with the remitting agreement.

6. The method according to claim 1, 2 or 5, wherein the step of remitting comprises crediting a vendor account.

7. The method according to claim 6, wherein the vendor account is with the Internet access provider.

8. The method according to claim 6, wherein the vendor account is an account with a telephone company.

9. The method according to claim 6, wherein the vendor account is an account with a cable television company.

10. The method according to claim 1, 2 or 5, wherein before the step of billing the transaction amount, obtaining approval from a party other than the customer to bill the transaction amount to the at least one account of the at least one customer.

11. The method according to claim 10, wherein the party other than the customer is the Internet access provider.

12. The method according to claim 10, wherein the step of obtaining approval is carried out over the Internet.

13. The method according to claim 1, 2 or 5, wherein the at least one billing account is an account with the Internet access provider.

14. The method according to claim 1, 2 or 5, wherein the at least one billing account is an account with a telephone company.

15. The method according to claim 1, 2 or 5, wherein the at least one billing account is an account with a cable television company.

16. The method according to claim 1, 2 or 5, wherein the step of billing is carried out over the Internet.

17. The method according to claim 1, 2 or 5, wherein the step of remitting is carried out over the Internet.

18. The method according to claim 1, 2 or 5, wherein the product or service purchased is delivered over the Internet.

19. The method according to claim 1, 2 or 5, wherein the product or service purchased is a telecommunications product or service.

20. The method according to claim 5, wherein the information is received over the Internet.

21. The method according to claim 5, wherein the information does not include an account number of the at least one billing account.

22. An Internet billing method comprising the steps by a vendor of:

establishing a remitting agreement with at least one Internet access provider to remit to the vendor a portion of a transaction amount billed to at least one billing account of at least one customer of the at least one Internet access provider for products, and for services other than Internet access, purchased over the Internet by the at least one customer from the vendor;

receiving at least one communication over the Internet whereby the vendor is informed that the at least one customer authorized a purchase by the at least one customer from the vendor;

providing the product or service to the at least one customer after receiving the at least one communication and without making any billing request to the at least one Internet access provider with respect to the transaction after receiving the at least one communication and before providing the product or service; and

receiving a portion of the transaction amount in accordance with the remitting agreement after providing the product or service and without making any billing request to the at least one Internet access provider with respect to the transaction after providing the product or service and before receiving the portion of the transaction amount.

23. An Internet billing method comprising the steps by a vendor of:

establishing a remitting agreement with at least one Internet access provider to remit to the vendor a portion of a transaction amount billed to at least one billing account of at least one customer of the at least one Internet access provider for products, and for services other than Internet access, purchased over the Internet by the at least one customer from the vendor;

receiving at least one communication over the Internet whereby the vendor is informed that the at least one customer authorized a purchase by the at least one customer from the vendor;

providing the product or service to the at least one customer after receiving the at least one communication;

providing information relating to the purchase authorized by the at least one communication including the transaction amount to the at least one Internet access provider without making any billing request to the at least one Internet access provider with respect to the transaction after receiving the at least one communication and before providing the information;

receiving a portion of the transaction amount in accordance with the remitting agreement after providing the information and without making any billing request with respect to the transaction to the at least one Internet access provider after providing the information and before receiving the portion of the transaction amount.

24. The method according to claim 22 or 23, wherein the step of receiving a portion of the transaction amount comprises receiving a credit to a vendor account.

25. The method according to claim 24, wherein the vendor account is with the at least one Internet access provider.

26. The method according to claim 24, wherein the vendor account is an account with a telephone company.

27. The method according to claim 24, wherein the vendor account is an account with a cable television company.

28. The method according to claim 22 or 23, wherein the step of receiving a portion of the transaction amount is carried out over the Internet.

29. The method according to claim 22 or 23, wherein the product or service purchased is delivered over the Internet.

30. The method according to claim 22 or 23, wherein the product or service purchased is a telecommunications product or service.

31. The method according to claim 23, wherein the information is provided over the Internet.

32. The method according to claim 23, wherein the information does not include an account number of the at least one billing account.

33. The method according to claim 23, wherein the step of providing the product or service takes place after the step of providing information.

* * * * *

# Exhibit B

US006411940B1

# (12) United States Patent
Egendorf

(10) Patent No.: US 6,411,940 B1
(45) Date of Patent: *Jun. 25, 2002

(54) **INTERNET BILLING METHOD**

(75) Inventor: **Andrew Egendorf**, Lincoln, MA (US)

(73) Assignee: **Netcraft Corporation**, Lincoln, MA (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **09/653,449**

(22) Filed: **Aug. 31, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 09/568,925, filed on May 11, 2000, which is a continuation of application No. 09/057,230, filed on Apr. 8, 1998, which is a continuation of application No. 08/499,535, filed on Jul. 7, 1995, now Pat. No. 5,794,221.

(51) **Int. Cl.**[7] ................................................ **G06F 17/60**
(52) **U.S. Cl.** .......................... **705/40**; 235/380; 235/379
(58) **Field of Search** ............................ 705/40, 41, 42; 235/380, 379

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,146,491 A | | 9/1992 | Silver et al. | 379/114 |
| 5,446,489 A | * | 8/1995 | Egendorf | |
| 5,590,197 A | | 12/1996 | Chen et al. | 380/24 |
| 5,724,424 A | | 3/1998 | Gifford | 380/24 |
| 5,727,163 A | | 3/1998 | Bezos | 395/227 |
| 5,802,497 A | * | 9/1998 | Manasse | 705/27 |
| 5,819,092 A | | 10/1998 | Ferguson et al. | 395/701 |
| 5,826,241 A | | 10/1998 | Stein et al. | 705/26 |
| 5,845,267 A | * | 12/1998 | Ronen | 705/40 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| JP | 05-014510 | | 1/1993 |
| JP | 06-291889 | | 10/1994 |
| JP | 07-56888 | | 3/1995 |
| WO | WO 97/03410 | * | 7/1995 |
| WO | WO 97/40615 | * | 4/1996 |
| WO | WO 97/41586 | | 11/1997 |

OTHER PUBLICATIONS

Bremner, Joseph. "Guide to Database Distribution: Legal Aspects and Model Contracts, Second Edition". National Federation of Abstracting and Information Services, chapters 3, 4 and 6. 1994.

(List continued on next page.)

*Primary Examiner*—Vincent Millin
*Assistant Examiner*—Daniel S. Felten
(74) *Attorney, Agent, or Firm*—Ira J. Schaefer, Esq.; Clifford Chance Rogers & Wells LLP

(57) **ABSTRACT**

An Internet billing method comprises establishing an agreement between an Internet access provider and a customer, and an agreement between the Internet access provider and a vendor, wherein the Internet access provider agrees with the customer and the vendor to bill the customer and remit to the vendor for products and services purchased over the Internet by the customer from the vendor. The provider creates access to the Internet for the customer. When the customer orders a product or service over the Internet from a vendor, transactional information transmitted between the customer and the vendor is also transmitted to the provider. The provider then bills the transaction amount to the customer and remits a portion of the transaction amount to the vendor, keeping the differential as a fee for providing the service. As a result of this method, there is no need for any customer account numbers or vendor account numbers to be transmitted over the Internet, thereby maintaining the security of that information.

**94 Claims, 3 Drawing Sheets**



OTHER PUBLICATIONS

"Into the Cyberspace". Credit Card Management, vol. 7, No. 11, p. 34. Feb., 1995.

Blankenhorn, Dana. "Building the Tools for Web Commerce". Interactive Age, vol. 2, No. 8, p. 34. Feb. 13, 1995.

Blankenhorn, Dana. "Virtual Mall Opens in Cyberspace". Newsbytes. Jun. 20, 1994.

Paul, Nora. "Database and Bulletin Board Services: A Guide to On–Line Resources". The Quill, vol. 18, No.7, p. 18. Sep., 1993.

Singleton, Andrew. "Cash on the Wirehead: You Can't Do Business on the Internet If You Can't Pay Your Bills or Get Paid. Here's How." Byte, vol. 20, No. 6, p. 71. Jun., 1995.

Wiegers, Alex. "First Virtual Really Pays Bills." Business Journal, vol. 12, No. 40, p. 1. Dec. 26, 1994.

"Information About First Virtual". First Virtual World Wide Web site, http://www.fv.com, esp. Payment System Summary—Buying—Complete Details. Jul. 29, 1996.

"First Virtual Bank of Cyberspace". Newsbytes News Network. Oct. 28, 1994.

"New Line for SBA". Family and Home Office Computing, vol. 12, No. 4, p. 19. Apr., 1994.

Cummings, Joanne, and Knight, Fred. "Internet Service Providers to Ride a Familiar Roller Coaster". Business Communications Review, vol. 25, No. 1, p. 67. Jan., 1995.

Goradia et al. "NetBill 1994 Prototype". Carnegie Mellon University Information Networking Institute. Aug., 1994.

Knowles, Anne. "Improved Internet Security Enabling On–Line Commerce (new services based on Secure Hypertext Transfer Protocol, Secure Sockets Layer Standards)". PC Week vol. 12, No. 11, p. 1. Mar. 20, 1995.

Press, Larry. "Commercialization of the Internet". Communications of the ACM, vol. 37, No. 10, p. 17. Nov., 1994.

Day, Jacqueline. "Industry Players in Hot Pursuit of Secure Internet Transaction Mode". Bank Systems & Technology, vol. 32, No. 1, p. 6. Jan., 1995.

Willis, Alan. "Internet Payments—the Issues". Aslib Proceedings, vol. 47, No. 11/12, p. 241. Nov./Dec., 1995.

Sirbu, Marvin and Tygar, J. D. "NetBill: An Internet Commerce System Optimized for Network–Delivered Services". IEEE Personal Communications, vol. 2, No. 4, p. 34. Aug., 1995.

* cited by examiner


VENDOR 6.1
VENDOR 6.n
CUSTOMER 4.1
CUSTOMER 4.n
CUSTOMER 10.1
CUSTOMER 10.n
VENDOR 8.1
VENDOR 8.n
ACCESS NETWORK 3
ACCESS NETWORK 7
PROVIDER 2
VENDOR 5.1
VENDOR 5.n
PROVIDER 9
INTERNET 1

FIG. 1


ESTABLISH AGREEMENTS BETWEEN PROVIDER AND CUSTOMERS AND BETWEEN PROVIDER AND VENDORS
11
CONNECT CUSTOMER TO INTERNET
12
CUSTOMER AND VENDOR EXCHANGE TRANSACTIONAL INFORMATION
13
PROVIDER OBTAINS TRANSACTIONAL INFORMATION
14
VENDOR DELIVERS PRODUCT OR SERVICE TO CUSTOMER
15
PROVIDER BILLS CUSTOMER ACCOUNT
16
PROVIDER REMITS PAYMENT TO VENDOR
17

FIG. 2


ESTABLISH AGREEMENTS BETWEEN VENDOR AND PROVIDERS
21
CUSTOMER CONNECTS TO INTERNET
22
CUSTOMER AND VENDOR EXCHANGE TRANSACTIONAL INFORMATION
23
VENDOR DELIVERS PRODUCT OR SERVICE TO CUSTOMER
25
VENDOR RECEIVES REMITTANCE FROM PROVIDER
27

FIG. 3

# INTERNET BILLING METHOD

This application is a continuation of application Ser. No. 09/568,925, filed May 11, 2000 and now pending, which is a continuation of application Ser. No. 09/057,230, filed Apr. 8, 1998 and now pending, which is a continuation of application Ser. No. 08/499,535, filed Jul. 7, 1995 and now U.S. Pat. No. 5,794,221.

## BACKGROUND OF THE INVENTION

The present invention relates to a method of billing for commercial transactions over the Internet.

The Internet is a vast worldwide interconnection of computers and computer networks. The Internet does not consist of any specific hardware or group of connected computers, rather it consists of those elements that happen to be interconnected at any particular time. The Internet has certain protocols or rules regarding signal transmission and anyone with the proper hardware and software can be part of this interconnection.

At present, the technical and financial requirements for connecting directly to the Internet are beyond the resources of most individuals and thus new businesses known as Internet access providers have proliferated. These providers invest in the equipment needed to provide access to the Internet for subscribers who pay the providers a fee for the access. Providers include companies whose only business is to offer connection to the Internet, as well as on-line services such as Compuserve, American On-Line, and Prodigy. In addition, telephone companies and cable television companies have announced plans to provide Internet access. A party desiring to connect to the Internet by means of a provider typically connects via a modem over a telephone network to the provider's equipment which then connects the party, through the provider's equipment, to the Internet.

Although the origin of the Internet was for military use, today the primary users of the Internet are civilian. There is great activity at present attempting to utilize the Internet as a channel of commerce.

Many vendors advertise their products and services over the Internet and solicit orders from Internet users for these wares. While the preferred mode of payment is by credit card, there is great reluctance to transmit credit card account information over the Internet because of lack of security. Moreover, in situations wherein the transaction amount is small—from pennies to a few dollars—it is not economically feasible to use a credit card transaction. There is a need to be able to ensure that commercial transactions over the Internet are at least as secure as conventional transactions over the telephone, through the mails, and with on-line services where credit cards and/or billing accounts are used for purchases. Similarly, there is a need to be able to handle on the Internet a large number of small-sized transactions, similar to what is done by telephone companies for conventional telephone service.

The lack of security and the lack of a means to bill for small transactions are the biggest obstacles to commercial use of the Internet.

## SUMMARY OF THE INVENTION

The main object of the present invention is to create a new business opportunity for telephone companies, cable television companies, existing Internet access providers, and companies offering financial services by creating a way for them to offer to their subscribers a method of securely buying and selling gods and services of any value over the Internet.



Another object of the present invention is an Internet billing method which is cost effective for transactions having transaction amounts ranging from pennies to a few dollars.

Still another object of the present invention is to provide a secure method of billing commercial transactions over the Internet.

A further object of the present invention is an Internet billing method which is simple to use from both the customer's point of view and that of vendors on the Internet.

Yet another object of the present invention is a billing method which can be used by a large number of existing Internet users without requiring major changes in how the users customarily behave and conduct commercial transactions.

These and other objects and advantages of the present invention are achieved by an Internet billing method in accordance with the present invention. A provider establishes an agreement with a customer, and a second agreement with a vendor, wherein the provider agrees with the customer and the vendor to bill for products and services purchased over the Internet by the customer from the vendor. Associated with the customer agreement are one or more billing accounts to which purchases may be charged. Associated with the vendor agreement are one or more methods of remitting funds to the vendor. The provider creates access to the Internet for the customer through the provider's equipment. When the customer orders a product of service over the Internet from the vendor, the provider obtains transactional information transmitted between the customer and the vendor including a transaction amount relating to the ordered product or service and the provider then bills the transaction amount to a customer billing account and remits a portion of the transaction amount to the vendor.

Which accounts are used may be specified in the agreements made between the provider and the customer and between the provider and the vendor, or may be specified in the transactional information. If specified in the transactional information, the selection of account can be made by referencing the type of account (e.g., "VISA", "phone bill"), or the position of that account on a predetermined list (e.g., "the 3rd account"), and does not require that any actual account numbers be transmitted.

By the use of this method, there is no need for the customer to transmit over the Internet any information containing any of the customer's billing account numbers thereby maintaining the security of that information.

The present invention, in a preferred embodiment, is a method of providing merchants with the ability to offer their customers secure transactions for the purchase of goods and services of any value over the Internet, without the need for the customer to transmit any credit card or other account numbers over the Internet, without the need for the customer to sing up with any additional provider of services, and without the need to change the manner in which most customers currently use the Internet.

In accordance with the present invention, a customer desiring to purchase goods and services over the Internet has prearranged access to the Internet through the services of an Internet access provider. Such providers can be, for example, companies whose only business is to offer connection to the Internet, companies which offer on-line computer services, one of which is connection to the Internet, cable television companies, or telephone companies. In arranging for access with such a provider, the customer has agreed with the provider on a method of payment which is, for example, by

billing, or charge to a credit card, or charge to an account of the user which could be an account specific to the Internet or could be a more general account, such as an on-line computer services account, a cable television account, a telephone account, or a bank account.

Once the prearrangements have been completed, using the provider's service to connect to the Internet typically involves calling a telephone number of the provider and being automatically connected through the provider's equipment to the Internet.

Once the connected to the Internet, the customer can browse around until an item is located that the customer wishes to purchase, at which time the customer will follow the instructions created by the vendor, exchange transactional information, and ultimately agree to purchase something by taking an appropriate action. In the course of making the purchase, the means of delivery of the goods or service will be established. Depending on the type of goods, delivery can be made, for example, by mail (e.g., in the case of a purchase of a book), by courier service (e.g., in the case of a purchase of flowers), or by electronic transmission over the Internet (e.g., in the case of delivery of an electronic newsletter or piece of software). The remaining element of the purchase transaction is the manner in which the customer pays the vendor.

In accordance with the present invention, the provider has made arrangements with vendors who wish to sell goods and services over the Internet to the customers of the provider. The provider agrees to do the billing associated with such sales for the vendors, and as part of the agreement, the provider and the vendor have agreed on the manner in which the provider will remit funds to the vendor. Examples of payment include payment by check, credit to the vendor's credit card merchant account, or credit to another account of the vendor's, such as the vendor's cable television account, telephone account, or bank account. The account of the vendor to be credited need not be with the provider. The arrangements that are made will depend on the vendor's desires and the capabilities of the provider. For example, if the vendor anticipates many small transactions and the provider is a telephone company, they can agree that the provider will credit the vendor's existing telephone account for amounts under some nominal amount and credit the vendor's credit card merchant account for larger amounts. If the vendor anticipates large transactions, then they may agree that the provider will pay by check or direct credit to the vendor's bank account.

In a typical transaction in accordance with the present invention, from the customer's point of view all use of the Internet appears to be conventional. Depending upon the prearrangements made between the provider and the customer and between the provider and the vendor, the customer can charge a purchase, for example, to a credit card, to a cable television account, to a telephone account or to a bank account. The account of the customer to be billed need not be with the provider. For example, the customer may be using one telephone company as an access provider and a second telephone company as a telephone service provider and the account to be billed is that with the second telephone company. The customer specifies which account is to be billed by an indication to the provider, but neither the customer nor the vendor has to transmit any account numbers over the Internet, because it is the provider, not the vendor, who submits the charge to the credit card company, the cable television company, the telephone company, or to another account of the customer, or who debits the bank account of the customer, and the provider already has been given, during the course of making prearrangements with the customer and the vendor, the appropriate account numbers of both the customer and the vendor. The provider sends this information to the appropriate party, and may do so by the same secure means customarily used for similar transactions not made over the Internet.

From the vendor's point of view, the transaction is as secured as a transaction made over the telephone with a credit card. If the vendor wishes, the vendor may verify with the provider that the address supplied by the customer for shipment of the goods has been authorized by the customer in the same manner in which such verification would be made for the same transaction made over the telephone with a credit card. In addition, because such a verification does not require the transmission of any account numbers of the customer, the verification can be done over the Internet as part of the transaction transmission itself if the provider and the vendor have prearranged to do so.

From the provider's point of view, the provider is made aware that the customer has authorized the charge by monitoring the data being sent over the Internet through the provider's equipment between the customer and the vendor. This can be done, for example, by specifying a specific code which, when sent between the customer and the vendor, indicates to the provider that a transaction has been completed. When the customer has made a purchase, the provider charges the transaction amount to the agreed account of the customer and remits the agreed portion of that amount to the vendor, keeping the differential as the provider's charge for making the service available.

These and other features and advantages of the present invention will become apparent from the following detailed description of the invention with reference to the attached drawings, wherein:

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a block diagram of a system for carrying out the billing method according to the present invention;

FIG. **2** is a flow chart of one embodiment of the method according to the present invention; and

FIG. **3** is a flow chart of another embodiment of the method according to the present invention.

## DETAILED DESCRIPTION OF THE INVENTION

Referring to FIG. **1**, a system for carrying out the method of the present invention is shown. In that system, the Internet is shown schematically as network **1** to which providers **2**, **9**, vendors **5**.**1**–**5**.n, **6**.**1**–**6**.n and **8**.**1**–**8**.n, and customers **4**.**1**–**4**.n and **10**.**1**–**10**.n (where n is an integer to indicate a range from one to many) are connected in different ways.

Provider **2** is connected to access network **3** and the Internet **1** and provides access to the Internet **1** for customers **4**.**1**–**4**.n and vendors **6**.**1**–**6**.n connected to access network **3**. Access network **3** can be a telephone network, a cable television network, an on-line services network such as Compuserve, American On-Line, or Prodigy, or a private Internet access network. Similarly, provider **9** is connected to access network **7** and the Internet **1** and provides access to the Internet **1** for customers **10**.**1**–**10**.n and vendors **8**.**1**–**8**.n. Vendors **5**.**1**–**5**.n access the Internet directly by their own equipment.

In accordance with the method shown in the flow chart of FIG. **2**, for example, in step **11** provider **2** establishes agreements with vendors **5**.**1**–**5**.n who are connected directly

to the Internal, with vendors **6**.1–**6**.n who access the Internet via access network **3** and provider **2**, and with vendors **8**.1–**8**.n who are connected to the Internet **1** via access network **7** and provider **9**, to bill customers **4**.1–**4**.n for goods and services purchased by them over the Internet from vendors **5**.1–**5**.n, **6**.1–**6**.n and **8**.1–**8**.n. Provider **2** also agrees to remit a portion of the collected money back to the vendors. Provider **2** also establishes an agreement with each of customers **4**.1–**4**.n. These agreements provide that the provider will bill the customer for goods and services purchased by them over the Internet. The billing will be done to billing accounts established in connection with the agreements. The billing accounts can be, for example, credit card accounts, telephone accounts, cable television accounts, on-line services accounts, or bank accounts. The accounts need not be with the provider if the provider has a billing agreement in place with the party with whom the account was established.

As part of the services of the provider to customers **4**.1–**4**.n, the customer is connected to the Internet **1** in step **12** at a desired time, typically by making contact via modem. Once connected to the Internet, the customer can interface with any one of vendors **5**.1–**5**.n, **6**.1–**6**.n and **8**.1–**8**.n in order to find out about products or services offered by those vendors.

When one of customers **4**.1–**4**.n makes the decision to order a product or service from one of vendors **5**.1–**5**.n, **6**.1–**6**.n and **8**.1–**8**.n, in step **13** an exchange of transactional information occurs between the customer and the vendor. This exchange may include identifying information relating to the customer, such as the customer's Internet address, information relating to the products or services to be purchased, including the transaction amount, the manner and time of delivery, and a reference number to identify the order. The vendor or the customer also can produce a verification code signifying that a transaction has been completed which can be received by provider **2**.

In step **14**, the transactional information is obtained by provider **2**. The communication can be a separate transmission by the vendor or the customer to provider **2**, or provider **2** can extract the information from the exchange of information taking place between the customer and the vendor through equipment of provider **2**. Provider **2** can then send verifying information to one or both of the customer and vendor to indicate that the transaction has been approved, if approval of a third party, such as credit card company, is required. Most importantly, the entire transaction takes place without the need of communicating the customer's credit card or other account number over the Internet **1**.

The product or service is delivered to the customer in step **15** and the appropriate customer account is billed by provider **2** in step **16**. Provider **2** then remits the agreed payment in the appropriate manner to the vendor in step **17**, keeping the differential as a service charge for the services rendered by provider **2**. Steps **15**, **16** and **17** may be performed in any order.

As can be seen from FIG. **1**, the method according to the present invention can be carried out in many ways. For example, referring to FIG. **3**, vendor **5**.**1** in step **21** can establish remitting agreements with provider **2** and provider **9** to remit to vendor **5**.**1** a portion of a transaction amount billed to the billing account of any one of customers **4**.1–**4**.n and **10**.1–**10**.n.

Similarly, each of vendors **6**.1–**6**.n can establish a remitting agreement with provider **9** for transactions carried out over the Internet between each of vendors **6**.1–**6**.n and customers **10**.1–**10**.n.

A customer connects to the Internet in step **22**. The customer exchanges transactional information with the vendor in step **23** and the vendor delivers a product or service to the customer in step **25**, either before or after the vendor receives remittances from the provider in step **27**.

In accordance with another feature of the present invention, prior to the billing of the transaction amount to the account of the customer, and after obtaining the transactional information, the provider can obtain approval from a third party to bill the transaction amount to the billing account. This is particularly true in the case where the billing account is a credit card account or a bank account. In that instance, approval must be obtained from a third party, i.e., the bank issuing the credit card or with whom the bank account was established. Where the account is with the provider, approval would be obtained from the provider itself. In a preferred embodiment of the present invention, the approval can be obtained over the Internet and most preferably during the communication between the customer and the vendor.

In accordance with a further feature of the present invention, the customer can specify a particular billing account, for example, a credit card account, a bank account, a telephone number account, a cable television account or an on-line services account at the time that the billing agreement is established with the provider. The specification can provide that one account will be used for certain transactions, and a different account for other transactions, for example, a telephone account for transactions less than $5.00, and a bank account for transactions of at least $5.00. Thereafter, whenever the transaction amount is to be billed, it will be billed to that specified billing account. Alternatively, the customer can specify a plurality of billing accounts, for example, an AMEX account, a VISA account, a Mastercard account at the time that the billing agreement is established. When the transactional information is communicated, it will include an identification of which of those plurality of billing accounts the customer wants billed, without, however, specifying the account number of the account. Thus the customer can merely indicate the account by the "brand" name AMEX, VISA or Mastercard or the customer can identify it as the first account, second account or third account on a list previously established with the provider.

As noted above, the billing account is not necessarily with the provider, that is, i can be with a third party such as a bank issuing a credit card, or a bank at which the customer has a bank account. Alternatively, the provider can be a first telephone company, but the billing account can be with a second telephone company and charged by the first telephone company to the telephone number account of the customer with the second telephone company, as is customarily done in connection with conventional telecommunications services.

In accordance with the invention, the remitting can be by means of sending money or by crediting a vendor account such as a credit card merchant account, a bank account, a telephone number account, a cable television account or an on-line services account.

In a preferred embodiment of the present invention, the step of establishing the remitting account comprises specifying a particular vendor account to which the portion of the transaction amount will be remitted. The specification can provide that one account will be used for certain transactions, and a different account for other transactions, for example, a telephone account for transactions less than

$5.00, and a bank account for transactions of at least $5.00. In an alternative embodiment of the present invention, the step of establishing the remitting agreement comprises the vendor specifying a plurality of vendor accounts to which a portion of the transaction account can be remitted. Thus when the transactional information is communicated, the vendor can identify which one of the plurality of vendor accounts the amount is to be remitted to without, however, specifying the specific account number.

The vendor account can be an account with the provider or an account with a third party such as a credit card merchant account, or bank account, with a bank, or a cable television account with a cable television company.

It is understood that the embodiments described hereinabove are merely illustrative and are not intended to limit the scope of the invention. It is realized that various changes, alterations, rearrangements and modifications can be made by those skilled in the art without substantially departing from the spirit and scope of the present invention.

What is claimed is:

**1**. An Internet billing method for a plurality of customers and a plurality of vendors of products and services for purchase transactions between a purchasing customer of the plurality of customers and a selling vendor of the plurality of vendors, wherein, for each purchase transaction of a product or service, the method comprising the steps of:

an Internet access provider which is neither the selling vendor nor the purchasing customer connecting the purchasing customer to the Internet for a period of time during which the purchase transaction is initiated; and

the Internet access provider charging the purchasing customer a transaction amount for the purchase transaction by the Internet access provider billing the transaction amount to an account of the purchasing customer.

**2**. The method of claim **1**, wherein the account of the purchasing customer is an account with the Internet access provider.

**3**. The method of claim **1**, wherein the account of the purchasing customer is an account for Internet access.

**4**. The method of claim **3**, wherein the account for Internet access is with the Internet access provider.

**5**. The method of claim **1**, wherein the Internet access provider is an on-line services company.

**6**. The method of claim **5**, wherein the account of the purchasing customer is an account with the on-line services company Internet access provider.

**7**. The method of claim **5**, wherein the account of the purchasing customer is an account for on-line services.

**8**. The method of claim **7**, wherein the account for on-line services is with the on-line services company Internet access provider.

**9**. The method of claim **5**, wherein the account of the purchasing customer is an account for Internet access.

**10**. The method of claim **9**, wherein the account for Internet access is with the on-line services company Internet access provider.

**11**. The method of claim **1**, wherein the Internet access provider is a telephone company.

**12**. The method of claim **11**, wherein the account of the purchasing customer is an account with the telephone company Internet access provider.

**13**. The method of claim **11**, wherein the account of the purchasing customer is an account for telephone service.

**14**. The method of claim **13**, wherein the account for telephone service is with the telephone company Internet access provider.

**15**. The method of claim **11**, wherein the account of the purchasing customer is an account for Internet access.



**16**. The method of claim **15**, wherein the account for Internet access is with the telephone company Internet access provider.

**17**. The method of claim **1**, wherein the Internet access provider is a cable television company.

**18**. The method of claim **17**, wherein the account of the purchasing customer is an account with the cable television company Internet access provider.

**19**. The method of claim **17**, wherein the account of the purchasing customer is an account for cable television service.

**20**. The method of claim **19**, wherein the account for cable television service is with the cable television company Internet access provider.

**21**. The method of claim **17**, wherein the account of the purchasing customer is an account for Internet access.

**22**. The method of claim **21**, wherein the account for Internet access is with the cable television company Internet access provider.

**23**. The method of any one of claims **1** through **22**, wherein the product or service purchased is delivered to the purchasing customer over the Internet.

**24**. The method of any one of claims **1** through **22**, wherein the product or service purchased is delivered to the purchasing customer after the step of charging.

**25**. The method of any one of claims **1** through **22**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**26**. The method of any one of claims **1** through **22**, wherein the purchasing customer does not provide a billing account number to the selling vendor before the step of charging.

**27**. An Internet billing method for a plurality of customers and a plurality of vendors of products and services for purchase transactions between a purchasing customer of the plurality of customers and a selling vendor of the plurality of vendors, wherein, the purchasing customer is connected to the Internet by an Internet access provider and for each purchase transaction of a product or service, the method comprising the steps of:

the selling vendor initiating the purchase transaction with the purchasing customer over the Internet; and

the selling vendor receiving at least a portion of a transaction amount billed by the Internet access provider to an account of the purchasing customer for the purchase transaction.

**28**. The method of claim **27**, wherein the account of the purchasing customer is an account with the Internet access provider.

**29**. The method of claim **27**, wherein the account of the purchasing customer is an account for Internet access.

**30**. The method of claim **29**, wherein the account for Internet access is with the Internet access provider.

**31**. The method of claim **27**, wherein the Internet access provider is an on-line services company.

**32**. The method of claim **31**, wherein the account of the purchasing customer is an account with the on-line services company Internet access provider.

**33**. The method of claim **31**, wherein the account of the purchasing customer is an account for on-line services.

**34**. The method of claim **33**, wherein the account for on-line services is with the on-line services company Internet access provider.

**35**. The method of claim **31**, wherein the account of the purchasing customer is an account for Internet access.

**36**. The method of claim **35**, wherein the account for Internet access is with the on-line services company Internet access provider.

37. The method of claim 27, wherein the Internet access provider is a telephone company.

38. The method of claim 37, wherein the account of the purchasing customer is an account with the telephone company Internet access provider.

39. The method of claim 37, wherein the account of the purchasing customer is an account for telephone service.

40. The method of claim 39, wherein the account for telephone service is with the telephone company Internet access provider.

41. The method of claim 37, wherein the account of the purchasing customer is an account for Internet access.

42. The method of claim 41, wherein the account for Internet access is with the telephone company Internet access provider.

43. The method of claim 27, wherein the Internet access provider is a cable television company.

44. The method of claim 43, wherein the account of the purchasing customer is an account with the cable television company Internet access provider.

45. The method of claim 43, wherein the account of the purchasing customer is an account for cable television service.

46. The method of claim 45, wherein the account for cable television service is with the cable television company Internet access provider.

47. The method of claim 43, wherein the account of the purchasing customer is an account for Internet access.

48. The method of claim 47, wherein the account for Internet access is with the cable television company Internet access provider.

49. The method of any one of claims 27 through 48, wherein the product or service purchased is delivered to the purchasing customer over the Internet.

50. The method of any one of claims 27 through 48, wherein the product or service purchased is delivered to the purchasing customer after the step of charging.

51. The method of any one of claims 27 through 48, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

52. The method of any one of claims 27 through 48, wherein the purchasing customer does not provide a billing account number to the selling vendor before the step of charging.

53. An Internet billing method for a plurality of customers and a plurality of vendors of products and services for purchase transactions between a purchasing customer of the plurality of customers and a selling vendor of the plurality of vendors, wherein, for each purchase transaction of a product or service, the method comprising the steps of:

an Internet access provider which is neither the selling vendor nor the purchasing customer connecting the purchasing customer to the Internet for a period of time;

the Internet access provider delivering the product or service of the purchase transaction over the connection to the Internet during the period of time; and

the Internet access provider charging the purchasing customer a transaction amount for the purchase transaction by billing the transaction amount to an account of the purchasing customer.

54. The method of claim 53, wherein the account of the purchasing customer is an account with the Internet access provider.

55. The method of claim 53, wherein the account of the purchasing customer is an account for Internet access.



56. The method of claim 55, wherein the account for Internet access is with the Internet access provider.

57. The method of claim 53, wherein the Internet access provider is an on-line services company.

58. The method of claim 57, wherein the account of the purchasing customer is an account with the on-line services company Internet access provider.

59. The method of claim 57, wherein the account of the purchasing customer is an account for on-line services.

60. The method of claim 59, wherein the account for on-line services is with the on-line services company Internet access provider.

61. The method of claim 57, wherein the account of the purchasing customer is an account for Internet access.

62. The method of claim 61, wherein the account for Internet access is with the on-line services company Internet access provider.

63. The method of claim 53, wherein the Internet access provider is a telephone company.

64. The method of claim 63, wherein the account of the purchasing customer is an account with the telephone company Internet access provider.

65. The method of claim 63, wherein the account of the purchasing customer is an account for telephone service.

66. The method of claim 65, wherein the account for telephone service is with the telephone company Internet access provider.

67. The method of claim 63, wherein the account of the purchasing customer is an account for Internet access.

68. The method of claim 67, wherein the account for Internet access is with the telephone company Internet access provider.

69. The method of claim 53, wherein the Internet access provider is a cable television company.

70. The method of claim 69, wherein the account of the purchasing customer is an account with the cable television company Internet access provider.

71. The method of claim 69, wherein the account of the purchasing customer is an account for cable television service.

72. The method of claim 71, wherein the account for cable television service is with the cable television company Internet access provider.

73. The method of claim 69, wherein the account of he purchasing customer is an account for Internet access.

74. The method of claim 73, wherein the account for Internet access is with the cable television company Internet access provider.

75. The method of any one of claims 53 through 74, wherein the transaction amount comprises an amount for the product or service of the purchase transaction.

76. The method of any one of claims 53 through 74, wherein the transaction amount comprises an amount for delivery of the product or service of the purchase transaction.

77. The method of any one of claims 53 through 74, wherein the product or service purchased is delivered before the step of charging.

78. The method of any one of claims 53 through 74, wherein the product or service purchased is delivered after the step of charging.

79. The method of any one of claims 53 through 74, wherein the selling vendor is not provided with a billing account number by the purchasing customer before the step of charging.

80. The method of any one of claims 53 through 74, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**81**. The method of claim **75**, wherein the product or service purchased is delivered before the step of charging.

**82**. The method of claim **76**, wherein the product or service purchased is delivered before the step of charging.

**83**. The method of claim **75**, wherein the product or service purchased is delivered after the step of charging.

**84**. The method of claim **76**, wherein the product or service purchased is delivered after the step of charging.

**85**. The method of claim **75**, wherein the selling vendor is not provided with a billing account number by the purchasing customer before the step of charging.

**86**. The method of claim **76**, wherein the selling vendor is not provided with a billing account number by the purchasing customer before the step of charging.

**87**. The method of claim **75**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**88**. The method of claim **76**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**89**. The method of claim **81** or **82**, wherein the selling vendor is not provided with a billing account number by the purchasing customer before the step of charging.

**90**. The method of claim **81** or **82**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**91**. The method of claim **89**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**92**. The method of claim **83** or **84**, wherein the selling vendor is not provided with a billing account number by the purchasing customer before the step of charging.

**93**. The method of claim **83** or **84**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

**94**. The method of claim **92**, wherein the Internet access provider is not advised of the purchase transaction by the selling vendor before the step of charging.

* * * * *

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 6,411,940 B1
DATED : June 25, 2002
INVENTOR(S) : Egendorf

Page 1 of 1

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 3,
Line 11, "Once the connected" should read -- Once connected --.

Column 10,
Line 42, "he" should read -- the --.

Signed and Sealed this

Sixth Day of January, 2004

JAMES E. ROGAN
*Director of the United States Patent and Trademark Office*

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 7 - 651

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 OCT 17 PM 4:41

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF 7 COPIES OF AO FORM 85.

17 Oct '07
(Date forms issued)

(Signature of Party or their Representative)

Lauren R. Morrison
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

# AMENDED CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
NETCRAFT CORPORATION
(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
AT&T INC., AT&T MOBILITY LLC, et al.
County of Residence of First Listed Defendant: Bexar
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
Kyle Wagner Compton
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- - - Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/ Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing. (**Do not cite jurisdictional statutes unless diversity.**)
Patent infringement action under 35 U.S. C. §§ 1 *et seq*
Brief description of cause: patent infringement

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **Demand: $**
CHECK YES only if demanded in Complaint
**JURY DEMAND** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions) JUDGE s DOCKET NUMBER

DATE
October 18, 2007

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Kyle Wagner Compton*

TYPE NAME OF ATTORNEY
Kyle Wagner Compton

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________