IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T INC.,<br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>    Defendants, | C.A. No. 07-651 |

**NETCRAFT CORP.'S MOTION TO AMEND COMPLAINT**

Plaintiff Netcraft Corp. ("Netcraft") hereby moves the Court as of right to file an amended complaint, and to set a date certain for defendants AT&T Mobility LLC, Boost Mobile LLC, Cellco Partnership, Sprint Nextel Corp. ("Sprint"), and T-Mobile USA, Inc. ("T-Mobile") (collectively, the "Defendants") to file an answer to Netcraft's amended complaint. Although Netcraft is entitled to amend its complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a), it submits its amended complaint in the context of this Motion for the convenience of the Court, to explain the bases for the amendments.

Netcraft filed its original complaint alleging infringement of U.S. Patent Nos. 5,794,221 and 6,411,940 (collectively, the "patents-in-suit") by the Defendants and originally-named defendant AT&T Inc. on October 17, 2007. [D.I. 1.] Paragraph 23 of the original complaint included a typographical error, naming Defendant Sprint in that paragraph instead of Defendant T-Mobile.

On November 16-19, 2007, Netcraft jointly filed stipulations with each of the Defendants and AT&T Inc. to extend the time to answer the original complaint from November 19, 2007 to January 7, 2008.  [*See* D.I. 14, 15, 16, and 18.]  On December 20, 2007, Netcraft and originally-named defendant AT&T Inc. jointly filed a Stipulation and Notice of Dismissal, dismissing AT&T Inc. as a defendant in this action without prejudice.  [D.I. 19.]

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), a plaintiff is permitted to amend its complaint once as a matter of course before it is served with a responsive pleading.  Netcraft hereby submits an amended complaint properly naming T-Mobile in Paragraph 23 and deleting allegations of infringement directed toward AT&T Inc.  Pursuant to L.R. 15.1, the complaint as amended is attached as Exhibit A, and a blackline of the original complaint is attached as Exhibit B.  Because no Defendant has filed an answer or a responsive pleading in this action, pursuant to Rule 15(a)(1)(A), Netcraft is entitled to amend its complaint as a matter of course.  Further, because Netcraft's amended complaint adds no new claims and merely corrects allegations directed toward parties already named in the original complaint, pursuant to Fed. R. Civ. P. 15(c), the amended complaint should relate back to the October 17, 2007 filing date of the original complaint.

Pursuant to Fed. R. Civ. P. 15(a)(3), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later." Netcraft has already agreed to a generous extension of each Defendant's time to answer from November 19, 2007 to January 7, 2008.  Netcraft hereby requests that the Court order each Defendant to file an answer to Netcraft's amended complaint no later than January 14, 2008, ten days from the filing of this motion on December 28, 2007.

For the foregoing reasons, Netcraft respectfully requests that the Court enter an order permitting Netcraft to amend its original complaint as a matter of course, deeming the amended complain to relate back to the filing date of the original complaint, and setting January 14, 2008 as the date by which Defendants must answer, move, or otherwise respond to the amended complaint.

Dated:  December 28, 2007            FISH & RICHARDSON P.C.


By: */s/ Kyle Wagner Compton*
    Timothy Devlin (#4241)
    Kyle Wagner Compton (#4693)
    919 N. Market St., Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    tdevlin@fr.com
    kcompton@fr.com
    Tel: (302) 652-5070
    Fax: (302) 652-0607

    Frank E. Scherkenbach
    Craig R. Smith
    FISH & RICHARDSON P.C.
    225 Franklin Street
    Boston, MA  02110
    Tel: (617) 542-5070
    FaxL (617) 542-8906

    Michael J. Kane
    William R. Woodford
    FISH & RICHARDSON P.C.
    3300 Dain Rauscher Plaza
    60 South Sixth Street
    Minneapolis, MN  55402
    Tel: (612) 335-5070
    Fax: (612) 288-9696

    **ATTORNEYS FOR PLAINTIFF
    NETCRAFT CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2007, I electronically filed with the Clerk of Court the attached document using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

| | |
|---|---|
| John E. James<br>Potter Anderson & Corroon, LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>jjames@potteranderson.com | Defendant<br>AT&T Inc. |
| Mary B. Graham<br>Morris Nichols Arsht & Tunnell LLP<br>Chase Manhattan Centre<br>1201 North Market Street, Suite 1800<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>mbgefiling@mnat.com | Defendants<br>Boost Mobile LLC; Sprint Nextel Corporation |
| Anne Shea Gaza<br>Richards Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>gaza@rlf.com | Defendant<br>Cellco Partnership |
| Josh A. Krevitt<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>jkrevitt@gibsondunn.com | Defendant<br>T-Mobile USA, Inc. |

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLCO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>        Defendants. | C.A. No. 07-651<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Netcraft Corporation files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. Netcraft Corporation states and alleges the following:

**THE PARTIES**

1.   Plaintiff Netcraft Corporation ("Netcraft") is a corporation organized and existing under the laws of the State of Delaware.

2.   On information and belief, Defendant AT&T Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 175 East Houston Street, San Antonio, Texas 78205.

3.   On information and belief, Defendant AT&T Mobility LLC ("AT&T Mobility") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC is a subsidiary of AT&T, Inc. and was formerly known as Cingular Wireless, LLC.

4.      On information and belief, Defendant Sprint Nextel Corporation ("Sprint") is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191.

5.      On information and belief, Defendant Boost Mobile, LLC ("Boost Mobile") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8845 Irvine Center Drive, Suite 200, Irvine, California 92618.  Boost Mobile is a subsidiary of Sprint.

6.      On information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 12920 Southeast 38th Street, Bellevue, Washington 98006.

7.      On information and belief, Defendant Cellco Partnership is a partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920.  Cellco Partnership does business as Verizon Wireless, and is a joint venture between Verizon Communications Inc. and Vodaphone Group PLC.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      The Court has personal jurisdiction over AT&T Mobility because they are both incorporated in the State of Delaware; because they both regularly conduct business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting business in

this judicial district; and/or because they have each committed acts of patent infringement in this judicial district.

10. The Court has personal jurisdiction over Sprint because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

11. The Court has personal jurisdiction over Boost Mobile because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

12. The Court has personal jurisdiction over T-Mobile because it is incorporated in the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

13. The Court has personal jurisdiction over Cellco Partnership because it was organized and is existing under the laws of the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

14. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (PATENT INFRINGEMENT)

15. Netcraft restates and realleges the preceding paragraphs of this Complaint.

16. On August 11, 1998, United States Patent No. 5,794,221 ("the '221 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '221 patent by assignment. A true and correct copy of the '221 patent is attached as Exhibit A.

17. On June 25, 2002, United States Patent No. 6,411,940 ("the '940 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '940 patent by assignment. A true and correct copy of the '940 patent is attached as Exhibit B.

18. AT&T Mobility has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

19. AT&T Mobility was given notice of the '221 patent by Netcraft at least as early as September 1999.

20. AT&T Mobility has been and is infringing '221 and/or '940 patents with knowledge of one or more of the patents, and thus AT&T Mobility's infringement is willful.

21. Sprint has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

5

22. Boost Mobile has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

23. T-Mobile has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

24. Cellco Partnership has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

25. Upon information and belief, Defendants will continue to infringe the '221 and '940 patents unless and until they are enjoined by this Court.

26. The Defendants have caused and will continue to cause Netcraft irreparable injury and damage by infringing the '221 and '940 patents. Netcraft will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until the Defendants are enjoined from infringing these patents.

**PRAYER FOR RELIEF**

WHEREFORE, Netcraft respectfully requests that this Court:

(1) Enter judgment that Defendants have infringed the '221 and '940 patents;

(2)    Enter an order permanently enjoining Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '221 and '940 patents;

(3)    Award Netcraft damages in an amount sufficient to compensate it for Defendants' infringement of the '221 and '940 patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)    Award Netcraft an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5)    Treble the damages awarded to Netcraft under 35 U.S.C. § 284 by reason of Defendants' willful infringement of the '221 and '940 patents;

(6)    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Netcraft its attorney fees, expenses, and costs incurred in this action; and

(7)    Award Netcraft such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Netcraft demands a trial by jury on all issues so triable.

Dated: December 28, 2007

FISH & RICHARDSON P.C.

By: */s/ Kyle Wagner Compton*
Timothy Devlin (#4241)
Kyle Wagner Compton (#4693)
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
tdevlin@fr.com
kcompton@fr.com
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Craig R. Smith
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906

Michael J. Kane
William R. Woodford
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Attorneys for Plaintiff
NETCRAFT CORPORATION

60426549.d0c

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>~~AT&T INC.,~~<br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLCO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>        Defendants. | C.A. No. <u>07-651</u><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Netcraft Corporation files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. Netcraft Corporation states and alleges the following:

**THE PARTIES**

1. Plaintiff Netcraft Corporation ("Netcraft") is a corporation organized and existing under the laws of the State of Delaware.

2. On information and belief, Defendant AT&T Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 175 East Houston Street, San Antonio, Texas 78205.

3. On information and belief, Defendant AT&T Mobility LLC <u>("AT&T Mobility")</u> is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC is a subsidiary of AT&T, Inc. and was formerly known as Cingular

2

Wireless, LLC.  ~~AT&T, Inc. and AT&T Mobility LLC are collectively referred to as the "AT&T Defendants."~~

4.      On information and belief, Defendant Sprint Nextel Corporation ("Sprint") is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191.

5.      On information and belief, Defendant Boost Mobile, LLC ("Boost Mobile") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8845 Irvine Center Drive, Suite 200, Irvine, California 92618.  Boost Mobile is a subsidiary of Sprint.

6.      On information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 12920 Southeast 38th Street, Bellevue, Washington 98006.

7.      On information and belief, Defendant Cellco Partnership is a partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920.  Cellco Partnership does business as Verizon Wireless, and is a joint venture between Verizon Communications Inc. and Vodaphone Group PLC.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      The Court has personal jurisdiction over ~~the AT&T Defendants~~ <u>AT&T Mobility</u> because they are both incorporated in the State of Delaware; because they both regularly conduct

3

business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting business in this judicial district; and/or because they have each committed acts of patent infringement in this judicial district.

10. The Court has personal jurisdiction over Sprint because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

11. The Court has personal jurisdiction over Boost Mobile because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

12. The Court has personal jurisdiction over T-Mobile because it is incorporated in the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

13. The Court has personal jurisdiction over Cellco Partnership because it was organized and is existing under the laws of the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting

business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

14. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (PATENT INFRINGEMENT)

15. Netcraft restates and realleges the preceding paragraphs of this Complaint.

16. On August 11, 1998, United States Patent No. 5,794,221 ("the '221 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '221 patent by assignment. A true and correct copy of the '221 patent is attached as Exhibit A.

17. On June 25, 2002, United States Patent No. 6,411,940 ("the '940 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '940 patent by assignment. A true and correct copy of the '940 patent is attached as Exhibit B.

18. ~~AT&T Defendants have been and are~~ AT&T Mobility has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

19. ~~AT&T Defendants were~~ AT&T Mobility was given notice of the '221 patent by Netcraft at least as early as September 1999.

20. ~~AT&T Defendants have been and are~~ AT&T Mobility has been and is infringing '221 and/or '940 patents with knowledge of one or more of the patents, and thus ~~AT&T Defendants'~~ AT&T Mobility's infringement is willful.

5

21. Sprint has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

22. Boost Mobile has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

23. ~~Sprint~~ <u>T-Mobile</u> has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

24. Cellco Partnership has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

25. Upon information and belief, Defendants will continue to infringe the '221 and '940 patents unless and until they are enjoined by this Court.

26. The Defendants have caused and will continue to cause Netcraft irreparable injury and damage by infringing the '221 and '940 patents. Netcraft will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until the Defendants are enjoined from infringing these patents.

**PRAYER FOR RELIEF**

WHEREFORE, Netcraft respectfully requests that this Court:

(1) Enter judgment that Defendants have infringed the '221 and '940 patents;

(2) Enter an order permanently enjoining Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '221 and '940 patents;

(3) Award Netcraft damages in an amount sufficient to compensate it for Defendants' infringement of the '221 and '940 patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4) Award Netcraft an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5) Treble the damages awarded to Netcraft under 35 U.S.C. § 284 by reason of Defendants' willful infringement of the '221 and '940 patents;

(6) Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Netcraft its attorney fees, expenses, and costs incurred in this action; and

(7) Award Netcraft such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Netcraft demands a trial by jury on all issues so triable.

Dated: ~~October 17~~ <u>December 28</u>, 2007   FISH & RICHARDSON P.C.

By: _____
Timothy Devlin (#4241)
Kyle Wagner Compton (#4693)
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
tdevlin@fr.com
kcompton@fr.com
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Craig R. Smith
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906

Michael J. Kane
William R. Woodford
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Attorneys for Plaintiff
NETCRAFT CORPORATION

60426549.d0c

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLCO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>    Defendants, | C.A. No. 07-651 |

**[PROPOSED] ORDER GRANTING NETCRAFT CORP.'S
MOTION TO AMEND COMPLAINT**

Having considered Netcraft Corp.'s Motion to Amend Complaint, IT IS HEREBY

ORDERED that:

    1)    the Motion is GRANTED, and

    2)    the Amended Complaint relates back to the October 17, 2007 filing date of the

original Complaint; and

    3)    the Defendants shall answer, move, or otherwise respond to the Amended

Complaint no later than January 14, 2008.

This _____ day of _____, 200___.

_____
Hon. Leonard P. Stark
United States Magistrate Judge