# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Kyle Wagner Compton
302 778-8447

Email
KCompton@fr.com

VIA ELECTRONIC FILING

January 4, 2008

The Honorable Leonard P. Stark
United States District Court
844 King Street
Wilmington, DE 19801

Re:  Netcraft Corporation v. AT&T Inc., et al.
     USDC-D. Del. - C.A. No. 07-651

Dear Magistrate Stark:

On December 28, 2007, Plaintiff Netcraft Corp. ("Netcraft") filed a Motion to Amend Complaint (the "Motion") (D.I. 20) explaining the bases for amendments to Netcraft's Original Complaint (D.I. 1), and requesting that the Court set January 14, 2008 as the date by which Defendants AT&T Mobility LLC, Boost Mobile LLC, Cellco Partnership, Sprint Nextel Corp., and T-Mobile USA, Inc. (collectively, the "Defendants")[1] must answer, move, or respond to the Amended Complaint.

Netcraft has subsequently conferred with each of the Defendants, and in consideration of concerns raised, hereby additionally requests:

1.  That in addition to amendments to the Original Complaint reflected in the blackline (D.I. 20-3) attached to Netcraft's Motion, Paragraph 2 of the Original Complaint be deleted and remaining references to the "AT&T Defendants" be revised to reflect AT&T, Inc's dismissal; and

2.  That the Court set January 22, 2008, and not January 14, 2008 as previously requested, as the date by which the Defendants must answer, move, or respond to the Amended Complaint.

Pursuant to a January 4 conversation with Neil Looby of the clerk's office, Netcraft submits the following replacement documents:

1.  A revised blackline reflecting all amendments to Netcraft's Original Complaint, including deletion of Paragraph 2 and revision of remaining references to the "AT&T Defendants," to replace the blackline (D.I. 20-3) attached to Netcraft's Motion; and



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

---

[1] Netcraft has agreed to dismiss originally-named defendant AT&T Inc. from this action without prejudice. (D.I. 19)

2. A revised Proposed Order setting January 22, 2008 as the date by which the Defendants must answer, move, or respond to the Amended Complaint, to replace the Proposed Order (D.I. 20-4) attached to Netcraft's Motion.

Netcraft understands from its conversation with Neil Looby that, upon the Court's entry of the attached revised Proposed Order, Netcraft will upload its Amended Complaint incorporating all amendments to the Original Complaint reflected in the attached revised blackline via ECF.

Respectfully,

Kyle Wagner Compton

KWC/kxk

80053701.doc

cc: Mary B. Graham, Esq. (via Email)
John E. James, Esq. (via Email)
Richard L. Horwitz, Esq. (via Email)
Anne Shea Gaza, Esq. (via Email)
Josh A. Krevitt, Esq. (via Email)
H. Jonathan Redway, Esq. (via Email)
Warren S. Heit, Esq. (via Email)
Kevin X. McGann, Esq. (via Emai)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLCO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>    Defendants, | C.A. No. 07-651 (LPS) |

**[PROPOSED] ORDER GRANTING NETCRAFT CORP.'S
MOTION TO AMEND COMPLAINT**

Having considered Netcraft Corp.'s Motion to Amend Complaint, IT IS HEREBY ORDERED that:

1)    the Motion is GRANTED, and

2)    the Amended Complaint relates back to the October 17, 2007 filing date of the original Complaint; and

3)    the Defendants shall answer, move, or otherwise respond to the Amended Complaint no later than January 22, 2008.

This _____ day of _____, 2008.

                                                                                            Hon. Leonard P. Stark
                                                                             United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>~~AT&T INC.,~~<br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLCO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>    Defendants. | C.A. No. <u>07-651 (LPS)</u><br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Netcraft Corporation files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. Netcraft Corporation states and alleges the following:

### THE PARTIES

1.   Plaintiff Netcraft Corporation ("Netcraft") is a corporation organized and existing under the laws of the State of Delaware.

2.   ~~On information and belief, Defendant AT&T Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 175 East Houston Street, San Antonio, Texas 78205.~~

~~3.~~   2.   On information and belief, Defendant AT&T Mobility LLC <u>("AT&T Mobility")</u> is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC is a subsidiary of AT&T, Inc. and was formerly known as

Cingular Wireless, LLC.  ~~AT&T, Inc. and AT&T Mobility LLC are collectively referred to as the "AT&T Defendants."~~

~~4.~~    3.    On information and belief, Defendant Sprint Nextel Corporation ("Sprint") is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191.

~~5.~~    4.    On information and belief, Defendant Boost Mobile, LLC ("Boost Mobile") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8845 Irvine Center Drive, Suite 200, Irvine, California 92618.  Boost Mobile is a subsidiary of Sprint.

~~6.~~    5.    On information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 12920 Southeast 38th Street, Bellevue, Washington 98006.

~~7.~~    6.    On information and belief, Defendant Cellco Partnership is a partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920.  Cellco Partnership does business as Verizon Wireless, and is a joint venture between Verizon Communications Inc. and Vodaphone Group PLC.

**JURISDICTION AND VENUE**

~~8.~~    7.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

~~9.~~    8.    The Court has personal jurisdiction over ~~the AT&T Defendants~~ <u>AT&T Mobility</u> because ~~they are both incorporated in~~ <u>organized under the laws of</u> the State of

Delaware; because ~~they both~~ it regularly conducts business in the State of Delaware and therefore ~~have~~ has substantial and continuous contacts within this judicial district; because ~~they have~~ it has purposefully availed ~~themselves to~~ itself of the privileges of conducting business in this judicial district; and/or because ~~they have each~~ it has committed acts of patent infringement in this judicial district.

~~10.~~ 9. The Court has personal jurisdiction over Sprint because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

~~11.~~ 10. The Court has personal jurisdiction over Boost Mobile because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

~~12.~~ 11. The Court has personal jurisdiction over T-Mobile because it is incorporated in the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

~~13.~~ 12. The Court has personal jurisdiction over Cellco Partnership because it was organized and is existing under the laws of the State of Delaware; because it regularly conducts business in the State of Delaware and therefore has substantial and continuous contacts within

this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

~~14.~~ 13.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (PATENT INFRINGEMENT)

~~15.~~ 14.    Netcraft restates and realleges the preceding paragraphs of this Complaint.

~~16.~~ 15.    On August 11, 1998, United States Patent No. 5,794,221 ("the '221 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '221 patent by assignment. A true and correct copy of the '221 patent is attached as Exhibit A.

~~17.~~ 16.    On June 25, 2002, United States Patent No. 6,411,940 ("the '940 patent") entitled "Internet billing method" was duly and legally issued by the United States Patent and Trademark Office. Netcraft owns the '940 patent by assignment. A true and correct copy of the '940 patent is attached as Exhibit B.

~~18.~~ 17.    ~~AT&T Defendants have been and are~~ AT&T Mobility has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

~~19.~~ 18.    ~~AT&T Defendants were~~ AT&T Mobility was given notice of the '221 patent by Netcraft at least as early as September 1999.

20.    19.    ~~AT&T Defendants have been and are~~ <u>AT&T Mobility has been and is</u> infringing '221 and/or '940 patents with knowledge of one or more of the patents, and thus ~~AT&T Defendants'~~ <u>AT&T Mobility's</u> infringement is willful.

21.    20.    Sprint has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

22.    21.    Boost Mobile has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

23.    22.    ~~Sprint~~ <u>T-Mobile</u> has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

24.    23.    Cellco Partnership has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '221 and '940 patents, by providing a service that allows third party vendors to sell content, such as ringtones, to their customers for use on their cellular telephones, and then allows the sale to be charged to the customer's telephone bill.

~~25.~~    24.    Upon information and belief, Defendants will continue to infringe the '221 and '940 patents unless and until they are enjoined by this Court.

~~26.~~    25.    The Defendants have caused and will continue to cause Netcraft irreparable injury and damage by infringing the '221 and '940 patents. Netcraft will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until the Defendants are enjoined from infringing these patents.

## PRAYER FOR RELIEF

WHEREFORE, Netcraft respectfully requests that this Court:

(1)    Enter judgment that Defendants have infringed the '221 and '940 patents;

(2)    Enter an order permanently enjoining Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '221 and '940 patents;

(3)    Award Netcraft damages in an amount sufficient to compensate it for Defendants' infringement of the '221 and '940 patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)    Award Netcraft an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5)    Treble the damages awarded to Netcraft under 35 U.S.C. § 284 by reason of Defendants' willful infringement of the '221 and '940 patents;

(6)    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Netcraft its attorney fees, expenses, and costs incurred in this action; and

(7)    Award Netcraft such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Netcraft demands a trial by jury on all issues so triable.

Dated: ~~October 17~~ <u>December 28</u>, 2007        FISH & RICHARDSON P.C.

By: _____
Timothy Devlin (#4241)
Kyle Wagner Compton (#4693)
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
tdevlin@fr.com
kcompton@fr.com
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Craig R. Smith
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906

Michael J. Kane
William R. Woodford
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Attorneys for Plaintiff
NETCRAFT CORPORATION

80053714