IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>AT&T MOBILITY LLC, BOOST MOBILE, LLC, CELLCO PARTNERSHIP, SPRINT NEXTEL CORPORATION, and T-MOBILE USA, INC.,<br><br>        Defendants. | C.A. No. 07-651-***<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT AT&T MOBILITY LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant AT&T Mobility LLC ("AT&T Mobility"), by and through the undersigned counsel, hereby answers the Amended Complaint for Patent Infringement brought by Plaintiff Netcraft Corporation ("Netcraft") (D.I. 26) and sets forth its Defenses and Counterclaims, as follows:

### THE PARTIES

1. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 1 and, therefore, denies these allegations.

2. AT&T Mobility admits that is it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility further admits that it is an indirect subsidiary of AT&T Inc. and that it was formerly known as Cingular Wireless, LLC.

3. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 3 and, therefore, denies these allegations.

4. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 5 and, therefore, denies these allegations.

5. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 5 and, therefore, denies these allegations.

6. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 6 and, therefore, denies these allegations.

## JURISDICTION AND VENUE

7. AT&T Mobility admits that Plaintiff purports to bring this action under the patent laws of the Unites States, 35 U.S.C. § 1, *et seq.*, with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. AT&T Mobility admits that the Court has personal jurisdiction over it, but denies that it has conducted any acts of patent infringement. To the extent not admitted herein, AT&T Mobility denies the remaining allegations of paragraph 8.

9. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 9 and, therefore, denies these allegations.

10. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 10 and, therefore, denies these allegations.

11. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 11 and, therefore, denies these allegations.

12. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of paragraph 12 and, therefore, denies these allegations.

13. AT&T Mobility admits, for purposes of this action only, that venue is proper in this District.

## COUNT I

### (Patent Infringement)

14. AT&T Mobility incorporates paragraphs 1 through 13 of its Answer as if set forth herein.

15. AT&T Mobility admits that U.S. Patent No. 5,794,221 ("the '221 patent") entitled "Internet Billing Method" issued on August 11, 1998. AT&T Mobility denies that this patent was duly and lawfully issued. AT&T Mobility admits that an uncertified copy of a document purporting to be the '221 patent is attached as Exhibit A to the Complaint. AT&T Mobility is without sufficient information or belief to admit or deny the remaining allegations of paragraph 15 and, therefore, denies the remaining allegations.

16. AT&T Mobility admits that U.S. Patent No. 6,411,940 ("the '940 patent") entitled "Internet Billing Method" issued on June 25, 2002, and lists Netcraft Corporation as assignee. AT&T Mobility denies that this patent was duly and lawfully issued. AT&T Mobility admits that an uncertified copy of a document purporting to be the '940 patent is attached as Exhibit B to the Complaint. AT&T Mobility is without sufficient information or belief to admit or deny the remaining allegations of paragraph 16 and, therefore, denies the remaining allegations.

17. Denied.

18. Denied.

19. Denied.

20. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of the paragraph 20 and, therefore, denies these allegations.

21. AT&T Mobility is without sufficient information or belief to admit or deny the allegations of the paragraph 21 and, therefore, denies these allegations.

22.  AT&T Mobility is without sufficient information or belief to admit or deny the allegations of the paragraph 22 and, therefore, denies these allegations.

23.  AT&T Mobility is without sufficient information or belief to admit or deny the allegations of the paragraph 23 and, therefore, denies these allegations.

24.  Denied.

25.  Denied.

## DEFENSES

Further answering the Amended Complaint for Patent Infringement, AT&T Mobility identifies the following Defenses that it may rely on in the above-captioned matter:

1.  The complaint fails to state a claim upon which relief can be granted.

2.  AT&T Mobility has not infringed, and is not infringing, any valid and enforceable claim of the '221 or '940 patents, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of the '221 or '940 patents.

3.  The '221 and '940 patents, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and 135(b).

4.  Netcraft's claim for relief and prayer for damages are limited by failure of Netcraft and/or its licensees to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

5.  Netcraft is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in and related to the '221 patent and/or '940 patent, from asserting any interpretation of the patents' claims that would be broad enough to cover any of AT&T Mobility's actions.

4

6. Netcraft's claims for relief and prayer for damages are barred in whole or in part because the equitable doctrine of prosecution laches renders the '221 and '940 patents unenforceable.

7. Upon information and belief, Netcraft has failed to plead and meet the requirements of enhanced damages.

8. Netcraft's claims for relief and prayer for damages are barred, in whole or in part, by the equitable doctrine of unclean hands.

9. Netcraft's claims for relief and prayer for damages are barred, in whole or in part, by the equitable doctrine of laches and/or waiver.

10. Netcraft's claims for relief are barred and prayer for damages are barred, by the doctrine of equitable estoppel.

11. AT&T Mobility reserves the right to assert additional defenses which may become apparent during discovery in this action.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff AT&T Mobility LLC ("AT&T Mobility") for its counterclaims against Counterclaim Defendant Netcraft Corporation ("Netcraft"), alleges as follows:

## JURISDICTION AND VENUE

1. Defendant and Counterclaim Plaintiff AT&T Mobility is a limited liability company duly organized and existing under the laws of Delaware and having its primary place of business at 5565 Glenridge Connector, Suite 1000, Atlanta, Georgia 30342.

5

2.  Upon information and belief, Plaintiff and Counterclaim Defendant Netcraft is a corporation organized and existing under the laws of the State of Delaware and having its primary place of business in Lincoln, Massachusetts.

3.  Netcraft has submitted to the jurisdiction of this Court.

4.  In its Amended Complaint, Netcraft alleges that it is the owner of the '221 and '940 patents.

5.  Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue for this counterclaim is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b).

6.  Based on the Complaint filed by Netcraft, a justiciable actual controversy exists between AT&T Mobility and Netcraft concerning the validity and scope of the '221 and '940 patents, and each claim thereof; the enforceability of the '221 and '940 patents, and each claim thereof; and, AT&T Mobility's alleged liability for infringement of the '221 and '940 patents, and each claim thereof.

7.  This counterclaim is brought for a Declaratory Judgment that the '221 and '940 patents and each claim thereof are not infringed, are invalid, and are unenforceable.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Noninfringement)**

8.  AT&T Mobility realleges and incorporates herein by reference all allegations in paragraphs 1 through 7 above.

9.  AT&T Mobility has not infringed and is not infringing (either directly, contributorily or by inducement), any claim of the '221 or '940 patents.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

10. AT&T Mobility realleges and incorporates by reference all allegations in paragraphs 1 through 9 above.

11. AT&T Mobility seeks a declaration that the '221 and '940 patents and each claim thereof are void and invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, 112, and/or 135(b).

## EXCEPTIONAL CASE

12. This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

AT&T Mobility respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, AT&T Mobility prays that this Court:

(a) Dismiss the Complaint for Patent Infringement in its entirety with prejudice, with Netcraft taking nothing by its Amended Complaint;

(b) Adjudge and decree that all of Netcraft's claims are denied;

(c) Adjudge and decree that AT&T Mobility has not infringed the '221 or '940 patents;

(d) Adjudge and decree that AT&T Mobility has not willfully infringed the '221 or '940 patents;

(e) Adjudge that the '221 and '940 patents are invalid;

(f) Adjudge that the '221 and '940 patents are unenforceable;

(g)  Award AT&T Mobility its reasonable attorney fees and the costs of this action pursuant to 35 U.S.C. § 285; and

(h)  Award AT&T Mobility such further and other relief as the Court may deem proper.

                                     Respectfully submitted,

                                     POTTER ANDERSON & CORROON LLP

OF COUNSEL:

H. Jonathan Redway
Michelle L. Alamo
Michael A. Schaldenbrand
DICKINSON WRIGHT PLLC
1901 L. Street, NW, Suite 800
Washington, DC  20036-3506
Tel:  (202) 659-6946

Dated:  January 22, 2008
843646 / 32469

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys For Defendant*
*AT&T Mobility LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on January 22, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on January 22, 2008, I have Electronically Mailed the document to the following person(s)

| | |
|---|---|
| Timothy Devlin<br>Kyle Wagner Compton<br>Fish & Richardson P.C.<br>919 N. Market St., Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>tdevlin@fr.com<br>kcompton@fr.com | Mary B. Graham<br>Morris Nichols Arsht & Tunnell LLP<br>Chase Manhattan Centre<br>1201 North Market St., Suite 1800<br>P. O. Box 1347<br>Wilmington, DE 19899-1347<br>mbgeservice@mnat.com |
| Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Richards Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, DE 19899<br>cottrell@rlf.com<br>gaza@rlf.com | Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com |
| Frank E. Scherkenbach<br>Craig R. Smith<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110<br>scherkenbach@fr.com<br>csmith@fr.com | Michael J. Kane<br>William R. Woodford<br>Fish & Richardson P.C., P.A.<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>mkane@fr.com<br>woodford@fr.com |

Warren S. Heit
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
wheit@whitecase.com

Josh A. Krevitt
John L. LaBarre
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
jkrevitt@gibsondunn.com
Jlabarre@gibsondunn.com

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
kmcgann@whitecase.com

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

840233 / 32469