IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br>BOOST MOBILE, LLC,<br>CELLCO PARTNERSHIP,<br>SPRINT NEXTEL CORPORATION, and<br>T-MOBILE USA, INC.,<br><br>　　　　　Defendants. | C.A. No. 07-651 (LPS) |

**DEFENDANT CELLCO PARTNERSHIP'S ANSWER AND COUNTERCLAIMS
TO THE AMENDED COMPLAINT OF PLAINTIFF NETCRAFT CORPORATION**

Defendant Cellco Partnership ("Cellco") responds to the Amended Complaint ("Complaint") of Plaintiff Netcraft Corporation ("Plaintiff" or "Netcraft") as follows:

### THE PARTIES

1.　Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies the allegations contained therein.

2.　Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and on that basis denies the allegations contained therein.

3.　Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and on that basis denies the allegations contained therein.

1

4. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies the allegations contained therein.

5. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies the allegations contained therein.

6. Cellco admits the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Except as expressly admitted herein, Cellco denies the allegations contained in paragraph 7 of the Complaint. Cellco admits that the Complaint purports to state claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the Patent Laws of the United States.

8. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and on that basis denies the allegations contained therein.

9. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on that basis denies the allegations contained therein.

10. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on that basis denies the allegations contained therein.

RLF1-3245726-1

11.  Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis denies the allegations contained therein.

12.  Except as expressly admitted herein, Cellco denies the allegations contained in paragraph 12 of the Complaint. Cellco admits that for purposes of this action, this Court has personal jurisdiction over it. Cellco also admits that it was organized and is existing under the laws of the State of Delaware.

13.  Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis denies the allegations contained therein.

### COUNT 1
### (PATENT INFRINGEMENT)

14.  Cellco repeats and incorporates by reference its responses as set forth in paragraphs 1-13 above.

15.  Cellco admits that on its face U.S. Patent No. 5,794,221 ("the '221 patent") is entitled "Internet billing method" and was issued by the United States Patent and Trademark Office (the "USPTO") on August 11, 1998. Cellco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and on that basis denies such allegations.

16.  Cellco admits that on its face U.S. Patent No. 6,411,940 ("the '940 patent") is entitled "Internet billing method" and was issued by the USPTO on June 25, 2002. Cellco admits that Netcraft is the named assignee of the patent. Cellco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and on that basis denies such allegations.

17. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies the allegations contained therein.

18. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and on that basis denies the allegations contained therein.

19. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis denies the allegations contained therein.

20. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis denies the allegations contained therein.

21. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis denies the allegations contained therein.

22. Cellco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis denies the allegations contained therein.

23. Cellco denies the allegations contained in paragraph 23 of the Complaint.

24. Cellco denies the allegations contained in paragraph 24 of the Complaint.

25. Cellco denies the allegations contained in paragraph 25 of the Complaint.

*    *    *

Cellco denies that Plaintiff is entitled to the relief sought in items (1) through (7) on page 6 of the Complaint.

**AFFIRMATIVE DEFENSES**

In addition to the defenses described below, Cellco reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

FIRST AFFIRMATIVE DEFENSE

26.    Cellco has not infringed, is not infringing, and will not infringe any claim of the '221 or '940 patents, either directly or by inducing or contributing to infringement by others.

SECOND AFFIRMATIVE DEFENSE

27.    Each of the claims of the '221 and '940 patents is invalid for failing to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

THIRD AFFIRMATIVE DEFENSE

28.    Plaintiff is estopped from construing any valid claim of the '221 or '940 patents to cover or include, either literally or by application of the doctrine of equivalents, any product or service manufactured, used, imported, sold, or offered by Cellco because of admissions and statements to the United States Patent and Trademark Office in the specification of the '221, '940 and related patents and patent applications and during prosecution of the applications leading to the issuance of the '221, '940 and related patents.

FOURTH AFFIRMATIVE DEFENSE

29.    The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

30. The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

31. The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff is not entitled to enhanced or increased damages for willful infringement because Cellco has not engaged in any conduct that meets the applicable standard for willful infringement.

## EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## **COUNTERCLAIM**

Cellco brings this Counterclaim against Netcraft Corporation, alleging as follows:

### **Jurisdiction and Venue**

34. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

35. This Court has personal jurisdiction over Netcraft because, *inter alia*, Netcraft has submitted to the jurisdiction of this Court.

36. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## COUNT I
## (Non-Infringement)

37. Cellco realleges and incorporates by reference the allegations set forth in paragraphs 34-36 above.

38. Netcraft alleges that Cellco infringes one or more claims of the '221 and '940 patents and/or actively induces or contributes to others' infringement of the '221 and '940 patents. Cellco contends that it has not and does not directly or indirectly infringe, contribute to, or induce infringement of any claim of the '221 and '940 patents, either literally or under the doctrine of equivalents.

39. An actual and justiciable controversy exists between Netcraft and Cellco over the alleged infringement of the '221 and '940 patents.

40. Cellco is entitled to judgment from this Court that it has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '221 and '940 patents either literally or under the doctrine of equivalents.

41. This is an exceptional case entitling Cellco to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## COUNT II
## (Invalidity)

42. Cellco repeats and incorporates by reference the allegations contained in paragraphs 34-41 above as if fully set forth herein.

43. The claims of the '221 and '940 patents are invalid and/or unenforceable for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

44. Netcraft alleges that Cellco infringes one or more claims of the '221 and '940 patents. Cellco contends that the '221 and '940 patents are invalid and/or unenforceable. An

actual and justiciable controversy exists between Netcraft and Cellco regarding the invalidity and/or unenforceability of the '221 and '940 patents.

45.   Cellco is entitled to a declaratory judgment that the claims of the '221 and '940 patents are invalid, unenforceable, and void in law.

46.   This is an exceptional case entitling Cellco to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Cellco Partnership respectfully requests that the Court enter an Order and Judgment:

    A.    Dismissing Plaintiff's claims against Cellco with prejudice;

    B.    Declaring that Cellco has not infringed and is not infringing any claim of the '221 patent;

    C.    Declaring that Cellco has not infringed and is not infringing any claim of the '940 patent;

    D.    Declaring that the '221 patent is invalid;

    E.    Declaring that the '940 patent is invalid;

    F.    Awarding to Cellco its costs, attorneys' fees, and expenses incurred in defending Plaintiff's Complaint; and

    G.    Awarding Cellco such other and further relief as the Court deems just and proper.

OF COUNSEL

Warren S. Heit
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Tel: (650) 213-0300

Kevin X. McGann
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200

Dated: January 22, 2008

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendant*
*Cellco Partnership*

RLF1-3245726-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I caused to be served by hand delivery and electronic mail the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Timothy Devlin
Kyle Wagner Compton
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
tdevlin@fr.com
kcompton@fr.com

John E. James
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre
1201 North Market St., Suite 1800
P.O. Box 1347
Wilmington, DE 19899-1347
mbgefiling@mnat.com

I hereby certify that on January 22, 2008, I caused the foregoing document to be served via electronic mail and Federal Express on the following non-registered participants:

Frank E. Scherkenbach
Craig R. Smith
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
fscherkenbach@fr.com
csmith@fr.com

Michael J. Kane
William R. Woodford
Fish & Richardson, P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
mkane@fr.com
wwoodford@fr.com

Josh A. Krevitt
John L. LaBarre
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
jkrevitt@gibsondunn.com
jlabarre@gibsondunn.com

H. Jonathan Redway
Michael A. Schaldenbrand
Dickinson Wright PLLC
1901 L. Street, N.W.
Suite 800
Washington D.C. 20036-3506

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3245735-1