IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETCRAFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-651 (***) |
| | ) | |
| AT&T INC., AT&T MOBILITY LLC, | ) | |
| BOOST MOBILE LLC, CELLCO | ) | **JURY TRIAL DEMANDED** |
| PARTNERSHIP, SPRINT NEXTEL | ) | |
| CORPORATION, and T-MOBILE USA INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT SPRINT NEXTEL CORPORATION TO
NETCRAFT CORPORATION'S AMENDED COMPLAINT**

Defendant Sprint Nextel Corporation ("Sprint Nextel" or "Defendant"), by and

through its counsel, hereby answers the Amended Complaint for Patent Infringement of Netcraft

Corporation ("Netcraft" or "Plaintiff") as follows:

**THE PARTIES**

1.      Sprint Nextel is without knowledge or information sufficient to form a

belief regarding the allegations of Paragraph 1 of the Amended Complaint, and on that basis

denies those allegations.

2.      Paragraph 2 does not require a response from Sprint Nextel.  To the extent

that Paragraph 2 is deemed to require a response, Sprint Nextel is without knowledge or

information sufficient to form a belief regarding the allegations of Paragraph 2 of the Amended

Complaint, and on that basis denies those allegations.

3.      Sprint Nextel admits the allegations of Paragraph 3 of the Amended

Complaint.

4.      Sprint Nextel admits that Boost Mobile is a subsidiary of Sprint Nextel Corporation.  Sprint Nextel denies all remaining allegations of Paragraph 4 of the Amended Complaint.

5.      Paragraph 5 does not require a response from Sprint Nextel.  To the extent that Paragraph 5 is deemed to require a response, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 5 of the Amended Complaint, and on that basis denies those allegations.

6.      Paragraph 6 does not require a response from Sprint Nextel.  To the extent that Paragraph 6 is deemed to require a response, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 6 of the Amended Complaint, and on that basis denies those allegations.

## JURISDICTION AND VENUE

7.      Sprint Nextel admits that this purports to be an action for patent infringement arising under the patent laws of the United States, but denies any liability thereunder.  Sprint Nextel denies any remaining allegations of Paragraph 7 of the Amended Complaint.

8.      Paragraph 8 does not require a response from Sprint Nextel as to the other defendants.  To the extent that Paragraph 8 is deemed to require a response as to the other defendants, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 8 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

9.      Sprint Nextel denies all allegations of Paragraph 9 of the Amended Complaint.

10.     Paragraph 10 does not require a response from Sprint Nextel as to the other defendants.  To the extent that Paragraph 10 is deemed to require a response as to the other defendants, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 10 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

11.     Paragraph 11 does not require a response from Sprint Nextel as to the other defendants.  To the extent that Paragraph 11 is deemed to require a response as to the other defendants, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 11 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

12.     Paragraph 12 does not require a response from Sprint Nextel as to the other defendants.  To the extent that Paragraph 12 is deemed to require a response as to the other defendants, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

13.     Sprint Nextel denies all allegations of Paragraph 13 of the Amended Complaint.

**COUNT I**
**(PATENT INFRINGEMENT)**

14.     Sprint Nextel incorporates by reference its responses to paragraphs 1-13 as though fully set forth herein.

15.     Sprint Nextel admits that the '221 patent on its face purports to have issued on August 11, 1998, lists a title of "INTERNET BILLING METHOD," but denies that the '221 patent was duly and legally issued that day.  Sprint Nextel admits that what purports to be a

copy of the '221 patent is attached to the Amended Complaint.  Sprint Nextel is without

knowledge or information sufficient to form a belief regarding the remaining allegations of

Paragraph 15 of the Amended Complaint, and on that basis denies those allegations.

16.    Sprint Nextel admits that the '940 patent on its face purports to have

issued on June 25, 2002, lists a title of "INTERNET BILLING METHOD," but denies that the

'940 patent was duly and legally issued that day.  Sprint Nextel admits that what purports to be a

copy of the '940 patent is attached to the Amended Complaint.  Sprint Nextel is without

knowledge or information sufficient to form a belief regarding the remaining allegations of

Paragraph 16 of the Amended Complaint, and on that basis denies those allegations.

17.    Paragraph 17 does not require a response from Sprint Nextel as to the

other defendants.  To the extent that Paragraph 17 is deemed to require a response as to the other

defendants, Sprint Nextel is without knowledge or information sufficient to form a belief

regarding the allegations of Paragraph 17 of the Amended Complaint as to the other defendants,

and on that basis denies those allegations.

18.    Paragraph 18 does not require a response from Sprint Nextel as to the

other defendants.  To the extent that Paragraph 18 is deemed to require a response as to the other

defendants, Sprint Nextel is without knowledge or information sufficient to form a belief

regarding the allegations of Paragraph 18 of the Amended Complaint as to the other defendants,

and on that basis denies those allegations.

19.    Paragraph 19 does not require a response from Sprint Nextel as to the

other defendants.  To the extent that Paragraph 19 is deemed to require a response as to the other

defendants, Sprint Nextel is without knowledge or information sufficient to form a belief

regarding the allegations of Paragraph 19 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

20.    Sprint Nextel denies the allegations of Paragraph 20 of the Amended Complaint, and specifically denies that it is infringing, has infringed, has actively induced others to infringe, or has contributed to the infringement of any valid claim of the '221 or '940 patents.

21.    Paragraph 21 does not require a response from Sprint Nextel as to the other defendants.  To the extent that Paragraph 21 is deemed to require a response as to the other defendants, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 21 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

22.    Paragraph 22 does not require a response from Sprint Nextel as to the other defendants.  To the extent that Paragraph 22 is deemed to require a response as to the other defendants, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 22 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

23.    Paragraph 23 does not require a response from Sprint Nextel.  To the extent that Paragraph 23 is deemed to require a response, Sprint Nextel is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 23 of the Amended Complaint, and on that basis denies those allegations.

24.    Sprint Nextel denies the allegations of Paragraph 24 of the Amended Complaint.

25.    Sprint Nextel denies the allegations of Paragraph 25 of the Amended Complaint.

## SPRINT NEXTEL'S DEFENSES

### First Defense
### (Failure to State a Claim)

1.      As and for a separate defense, Sprint Nextel alleges on information and belief that the Amended Complaint fails to state a claim upon which relief can be granted because Sprint Nextel has not performed any act or thing in violation of any rights that validly belong to Netcraft under the '221 or '940 patents.

### Second Defense
### (Non-Infringement)

2.      As and for a separate defense, Sprint Nextel alleges on information and belief that it has not infringed and does not infringe any valid claim of the '221 or '940 patents literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

### Third Defense
### (Invalidity)

3.      As and for a separate defense, Sprint Nextel alleges on information and belief that the claims of the '221 and/or '940 patents are invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Defense
### (35 U.S.C. § 287—Notice)

4.      As and for a separate defense, Sprint Nextel alleges on information and belief that any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement to Sprint Nextel.

**Fifth  Defense**
**(Personal Jurisdiction)**

5.    As and for a separate defense, Sprint Nextel alleges on information and belief that the Court lacks personal jurisdiction over Sprint Nextel.

**Sixth  Defense**
**(Improper Venue)**

6.    As and for a separate defense, Sprint Nextel alleges on information and belief that the Amended Complaint should be dismissed for improper venue.

**Seventh Defense**
**(Reservation Of Additional Defenses)**

7.    Sprint Nextel presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, defenses. As such, Sprint Nextel reserves the right to assert additional defenses in the event investigation or discovery indicates that additional defenses are appropriate, including, but not limited to, defenses of inequitable conduct, patent misuse, and unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, Sprint Nextel prays for relief as follows:

A.    That Plaintiff's Amended Complaint be dismissed with prejudice and that Plaintiff recover nothing thereon;

B.    That Netcraft be required to pay Sprint Nextel attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

C.    That Netcraft be required to pay Sprint Nextel's costs; and

D.    For such other and further relief as the Court may deem just and fair.

## DEMAND FOR JURY TRIAL

Sprint Nextel requests a jury trial of any issues triable by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Attorneys for Boost Mobile LLC*
*and Sprint Nextel Corporation*

OF COUNSEL:

James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Mark V. Campagna
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053

January 22, 2008
1413918

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered recipients.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 22, 2008 upon the following individuals in the manner indicated:

### VIA HAND DELIVERY AND E-MAIL

Steven J. Balick
ASHBY & GEDDES
500 Delaware Avenue
8th Floor
Wilmington, DE 19801

Timothy Devlin
Kyle Wagner Compton
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Anne Shea Gaza
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801

Richard L. Horwitz
John E. James
David Ellis Moore
POTTER ANDERSON
   & CORROON, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

### VIA E-MAIL

H. Jonathan Redway
DICKINSON WRIGHT PLLC
1901 L. Street, N.W.
Suite 800
Washington, DC 20036-3506

Michael A. Schaldenbrand
DICKINSON WRIGHT PLLC
38525 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304-2970

*/s/ James W. Parrett, Jr. (#4292)*

James W. Parrett, Jr. (#4292)
jparrett@mnat.com

1414046