IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 07-651 (***) |
| ) | |
| AT&T INC., AT&T MOBILITY LLC, ) | **JURY TRIAL DEMANDED** |
| BOOST MOBILE LLC, CELLCO ) | |
| PARTNERSHIP, SPRINT NEXTEL ) | |
| CORPORATION, and T-MOBILE USA INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND DEFENSES OF DEFENDANT BOOST MOBILE LLC
TO NETCRAFT CORPORATION'S AMENDED COMPLAINT**

Defendant Boost Mobile LLC ("Boost Mobile" or "Defendant"), by and through its counsel, hereby answers the Amended Complaint for Patent Infringement of Netcraft Corporation ("Netcraft" or "Plaintiff") as follows:

**THE PARTIES**

1. Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 1 of the Amended Complaint, and on that basis denies those allegations.

2. Paragraph 2 does not require a response from Boost Mobile. To the extent that Paragraph 2 is deemed to require a response, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 2 of the Amended Complaint, and on that basis denies those allegations.

3. Paragraph 3 does not require a response from Boost Mobile. To the extent that Paragraph 3 is deemed to require a response, Boost Mobile is without knowledge or

information sufficient to form a belief regarding the allegations of Paragraph 3 of the Amended Complaint, and on that basis denies those allegations.

   4. Boost Mobile admits that it is a subsidiary of Sprint Nextel Corporation. Boost Mobile denies all remaining allegations of Paragraph 4 of the Amended Complaint.

   5. Paragraph 5 does not require a response from Boost Mobile. To the extent that Paragraph 5 is deemed to require a response, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 5 of the Amended Complaint, and on that basis denies those allegations.

   6. Paragraph 6 does not require a response from Boost Mobile. To the extent that Paragraph 6 is deemed to require a response, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 6 of the Amended Complaint, and on that basis denies those allegations.

## JURISDICTION AND VENUE

   7. Boost Mobile admits that this purports to be an action for patent infringement arising under the patent laws of the United States, but denies any liability thereunder. Boost Mobile admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the Untied States.

   8. Paragraph 8 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 8 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 8 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

   9. Paragraph 9 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 9 is deemed to require a response as to the other

defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 9 of the Amended Complaint as to the other defendants, and on that basis deny those allegations.

10. Boost Mobile admits that this Court has personal jurisdiction over Boost Mobile. Boost Mobile denies all remaining allegations of Paragraph 10 of the Amended Complaint.

11. Paragraph 11 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 11 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 11 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

12. Paragraph 12 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 12 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

13. Boost Mobile admits that the minimum requisites for venue under 35 U.S.C. § 1391(c) exist in this district, but states that venue is more properly established in a jurisdiction that would better serve the convenience of the witnesses and parties and the interests of justice.

### COUNT I
### (PATENT INFRINGEMENT)

14. Boost Mobile incorporates by reference its responses to paragraphs 1-13 as though fully set forth herein.

15. Boost Mobile admits that the '221 patent on its face purports to have issued on August 11, 1998, lists a title of "INTERNET BILLING METHOD," but denies that the '221 patent was duly and legally issued that day. Boost Mobile admits that what purports to be a copy of the '221 patent is attached to the Amended Complaint. Boost Mobile is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 15 of the Amended Complaint, and on that basis denies those allegations.

16. Boost Mobile admits that the '940 patent on its face purports to have issued on June 25, 2002, lists a title of "INTERNET BILLING METHOD," but denies that the '940 patent was duly and legally issued that day. Boost Mobile admits that what purports to be a copy of the '940 patent is attached to the Amended Complaint. Boost Mobile is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 16 of the Amended Complaint, and on that basis denies those allegations.

17. Paragraph 17 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 17 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 17 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

18. Paragraph 18 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 18 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 18 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

19. Paragraph 19 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 19 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 19 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

20. Paragraph 20 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 20 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 20 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

21. Boost Mobile denies the allegations of Paragraph 21 of the Amended Complaint, and specifically denies that it is infringing, has infringed, has actively induced others to infringe, or has contributed to the infringement of any valid claim of the '221 or '940 patents.

22. Paragraph 22 does not require a response from Boost Mobile as to the other defendants. To the extent that Paragraph 22 is deemed to require a response as to the other defendants, Boost Mobile is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 22 of the Amended Complaint as to the other defendants, and on that basis denies those allegations.

23. Paragraph 23 does not require a response from Boost Mobile. To the extent that Paragraph 23 is deemed to require a response, Boost Mobile is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 23 of the Amended Complaint, and on that basis denies those allegations.

24. Boost Mobile denies the allegations of Paragraph 24 of the Amended Complaint.

25. Boost Mobile denies the allegations of Paragraph 25 of the Amended Complaint.

## BOOST MOBILE'S DEFENSES

### First Defense
### (Failure to State a Claim)

1. As and for a separate defense, Boost Mobile alleges on information and belief that the Amended Complaint fails to state a claim upon which relief can be granted because Boost Mobile has not performed any act or thing in violation of any rights that validly belong to Netcraft under the '221 or '940 patents.

### Second Defense
### (Non-Infringement)

2. As and for a separate defense, Boost Mobile alleges on information and belief that it has not infringed and does not infringe any valid claim of the '221 or '940 patents literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

### Third Defense
### (Invalidity)

3. As and for a separate defense, Boost Mobile alleges on information and belief that the claims of the '221 and/or '940 patents are invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Defense
### (35 U.S.C. § 287—Notice)

4. As and for a separate defense, Boost Mobile alleges on information and belief that any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §

287 to only those damages occurring after proper and sufficient notice of infringement to Boost Mobile.

## Fifth Defense
### (Reservation Of Additional Defenses)

5.  Boost Mobile presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, defenses. As such, Boost Mobile reserves the right to assert additional defenses in the event investigation or discovery indicates that additional defenses are appropriate, including, but not limited to, defenses of inequitable conduct, patent misuse, and unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Boost Mobile prays for relief as follows:

A.  That Plaintiff's Amended Complaint be dismissed with prejudice and that Plaintiff recover nothing thereon;

B.  That Netcraft be required to pay Boost Mobile attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

C.  That Netcraft be required to pay Boost Mobile's cost; and

D.  For such other and further relief as the Court may deem just and fair.

## DEMAND FOR JURY TRIAL

Boost Mobile requests a jury trial of any issues triable by jury.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Mary B. Graham (#2256)* |
|  | Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200 |
| OF COUNSEL:<br><br>James L. Wamsley, III<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114-1190<br><br>Mark V. Campagna<br>JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, GA 30309-3053 | *Attorneys for Boost Mobile LLC<br>and Sprint Nextel Corporation* |

Dated:  January 22, 2008
1413909

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered recipients.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 22, 2008 upon the following individuals in the manner indicated:

### VIA HAND DELIVERY AND E-MAIL

| | |
|---|---|
| Steven J. Balick<br>ASHBY & GEDDES<br>500 Delaware Avenue<br>8th Floor<br>Wilmington, DE 19801 | Timothy Devlin<br>Kyle Wagner Compton<br>FISH & RICHARDSON, P.C.<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19801 |
| Anne Shea Gaza<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square<br>Wilmington, DE 19801 | Richard L. Horwitz<br>John E. James<br>David Ellis Moore<br>POTTER ANDERSON<br>   & CORROON, LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19801 |

### VIA E-MAIL

| | |
|---|---|
| H. Jonathan Redway<br>DICKINSON WRIGHT PLLC<br>1901 L. Street, N.W.<br>Suite 800<br>Washington, DC 20036-3506 | Michael A. Schaldenbrand<br>DICKINSON WRIGHT PLLC<br>38525 Woodward Avenue<br>Suite 2000<br>Bloomfield Hills, MI 48304-2970 |

*/s/ James W. Parrett, Jr. (#4292)*

James W. Parrett, Jr. (#4292)
jparrett@mnat.com

1414046