IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETCRAFT CORPORATION, | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) ) ) |
| | ) |
| v. | ) |
| | ) |
| AT&T MOBILITY LLC, | )   C.A. No. 07-651-*** |
| BOOST MOBILE, LLC | )   Jury Trial Demanded |
| CELLCO PARTNERSHIP, | ) |
| SPRINT NEXTEL CORPORATION, and | ) |
| T-MOBILE USA, INC. | ) |
| | ) |
|     Defendants. | ) ) |

**DEFENDANT/COUNTERCLAIM PLAINTIFF T-MOBILE USA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT**

**ANSWER**

Defendant/Counterclaim Plaintiff T-Mobile USA, Inc. ("T-Mobile"), by and through its attorneys, hereby answers the Amended Complaint for Patent Infringement (the "Complaint") of Plaintiff/ Counterclaim Defendant Netcraft Corporation. ("Plaintiff" or "Netcraft"), as follows:

**PARTIES**

1. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies the same.

2. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies the same.

3. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies the same.

4. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies the same.

5. T-Mobile admits the allegations set forth in paragraph 5 of the Complaint.

6. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

7. T-Mobile admits that the Complaint purports to bring an action for infringement arising under the Patent Laws of the United States, but denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder. T-Mobile admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

8. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies the same.

9. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies the same.

10. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies the same.

11. T-Mobile does not contest personal jurisdiction in this Court. T-Mobile denies that it has committed acts of patent infringement in this, or any, judicial district. To the extent not expressly admitted, T-Mobile denies any remaining allegations contained in Paragraph 11 of the Complaint.

12. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies the same.

13.     T-Mobile admits that venue is proper in this judicial district, but denies the legal sufficiency of Plaintiff's claims and allegations.  With respect to the other defendants, T-Mobile lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies these allegations.

## COUNT I

14.     T-Mobile repeats and realleges its responses to the allegations contained in Paragraphs 1-13 of the Complaint as if fully set forth herein.

15.     T-Mobile admits that United States Patent No. 5,794,221 ("the '221 patent") is entitled "Internet Billing Method," that the '221 patent states on its face that it issued on August 11, 1998, and that a copy of the '221 patent was attached to the Complaint as Exhibit A.  T-Mobile denies that the '221 patent was "duly and legally issued."  T-Mobile lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 16 of the Complaint, and therefore denies those allegations.

16.     T-Mobile admits that United States Patent No. 6,411,940 ("the '940 patent") is entitled "Internet Billing Method," that the '940 patent states on its face that it issued on June 25, 2002, and that a copy of the '940 patent was attached to the Complaint as Exhibit B.  T-Mobile denies that the '940 patent was "duly and legally issued."  T-Mobile lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 17 of the Complaint, and therefore denies those allegations.

17.     T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies the same.

18.     T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies the same.

19.     T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies the same.

20.     T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies the same.

21.     T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies the same.

22.     T-Mobile denies the allegations set forth in paragraph 22 of the Complaint.

23.     T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies the same.

24.     T-Mobile denies the allegations of paragraph 24 of the Complaint insofar as they relate to it. With respect to the other Defendants, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies the same.

25.     T-Mobile denies the allegations of paragraph 25 of the Complaint insofar as they relate to it. With respect to the other Defendants, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies the same.

### DEFENSES

26.     Further answering the Complaint and as additional defenses thereto, T-Mobile asserts the following defenses. In doing so, T-Mobile does not assume the burden of proof with respect to those related matters as to which, pursuant to law, Plaintiff bears the burden.

### FIRST DEFENSE

27.     T-Mobile has not infringed and does not infringe any valid claim of the '221 patent or the '940 patent (collectively "the Patents-in-Suit") directly or indirectly.

**SECOND DEFENSE**

28. One or more claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD DEFENSE**

29. Plaintiff is estopped from asserting that T-Mobile infringes the Patents-in-Suit by reasons of actions taken and statements made by the applicants of that patent to the United States Patent and Trademark Office during the prosecution of the applications which led to that patent.

**FOURTH DEFENSE**

30. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**FIFTH DEFENSE**

31. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**SIXTH DEFENSE**

32. To the extent Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents in suit to T-Mobile, its claims are barred pursuant to 35 U.S.C. § 287(a).

**SEVENTH DEFENSE**

33. Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, and there is a compelling public interest in allowing T-Mobile to continue to make, sell, offer to sell, and distribute its offerings.

**EIGHTH DEFENSE**

34. Plaintiff has failed to state a claim upon which relief may be granted.

**NINTH DEFENSE**

35.    The Patents-in-Suit are unenforceable.

**COUNTERCLAIMS**

36.    T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business at 12920 S.E. 38th St., Bellevue, WA 98006.

37.    On information and belief, Plaintiff is an Delaware corporation having a principal place of business in Lincoln, Massachusetts.

38.    These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

39.    Venue is proper under 28 U.S.C. § 1391 and 1400(b).

40.    Plaintiff has asserted that T-Mobile infringes the Patents-in-Suit.  An actual controversy exists between Plaintiff and T-Mobile over the alleged infringement, invalidity, and enforceability of the Patents-in-Suit.

**FIRST COUNTERCLAIM**

41.    T-Mobile incorporates and realleges Paragraphs 36 through 40 as though fully set forth herein.

42.    An actual and justiciable case or controversy exists between Plaintiff and T-Mobile as to the infringement of the Patents-in-Suit.

43.    T-Mobile has not infringed and does not infringe, either willfully or otherwise, nor has it contributed to the infringement of, or actively induced others to infringe, any claim of the Patents-in-Suit.

## SECOND COUNTERCLAIM

44. T-Mobile incorporates and realleges Paragraphs 36 through 43 as though fully set forth herein.

45. An actual and justiciable case or controversy exists between Plaintiff and T-Mobile as to the validity and/or enforceability of the Patents-in-Suit.

46. The claims of patent-in-suit are invalid for failure to meet one or more of the requirements of patentability set forth in the Patent Statute, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 or are otherwise unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile respectfully requests the following relief:

a. That judgment on the Complaint be entered in favor of T-Mobile, and against Plaintiff, and that Plaintiff not be awarded any relief thereon;

b. That the Court enter a declaratory judgment that T-Mobile has not infringed and does not presently infringe, either willfully or otherwise, nor has it contributed to the infringement of, or actively induced others to infringe, any claim of the Patents-in-Suit;

c. That the Court enter a declaratory judgment that the Patents-in-Suit are invalid and/or unenforceable;

d. That the Court find that this is an exceptional case and award T-Mobile its attorneys' fees in this action, pursuant to 35 U.S.C. § 285;

e. That the Court award T-Mobile its costs and expenses; and

f. That the Court grant T-Mobile such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, T-Mobile respectfully demands a trial by jury on all issues so triable.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
Telephone:  (302) 654-1888
Facsimile:   (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant/Counterclaim Plaintiff T-Mobile USA, Inc.*

*Of Counsel:*

Josh A. Krevitt
John L. LaBarre
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
Email:  jkrevitt@gibsondunn.com
Email:  jlabarre@gibsondunn.com

Dated:  January 22, 2008
187497.1