IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NETCRAFT CORPORATION,                )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )   C.A. No. 07-651 (GMS)
                                     )
AT&T MOBILITY LLC,                   )      REDACTED -
                                     )   PUBLIC VERSION
                    Defendant.       )

## NON-PARTY RPX CORPORATION'S OPPOSITION TO AT&T MOBILITY LLC'S EMERGENCY MOTION TO COMPEL A WITNESS FOR DEPOSITION AND FOR PRODUCTION OF UNREDACTED DOCUMENTS

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mnoreika@mnat.com

*Attorneys for Non-Party RPX Corporation*

OF COUNSEL:

Michael J. Malecek
Terence P. Woodsome
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA  94303
(650) 845-7000

March 11, 2010 – Original Filing Date
March 18, 2010 - Redacted Filing Date

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................ ii

I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS............1

II.    SUMMARY OF ARGUMENT ................................................................1

III.   STATEMENT OF FACTS ...................................................................3

       A.     Overview Of RPX's Business Model .................................................3

       B.     The *Netcraft v. AT&T* Litigation.................................................5

       C.     AT&T Files Motion To Compel ........................................................6

IV.    ARGUMENT ........................................................................................8

       A.     AT&T Failed To Obtain This Court's Permission Prior To Reopening
              Discovery ...................................................................................8

       B.     AT&T's Motion Seeks To Enforce An Invalid Subpoena..............................10

       C.     AT&T Cannot Impose Undue Burdens On RPX.........................................10

              1.     AT&T's "Narrowed" Requests Still Impose An Undue Burden .........11

              2.     AT&T Must Obtain Discovery From The Parties And Former
                     Parties Before Burdening A Non-Party ..................................12

              3.     AT&T Wants Access To Highly Confidential Commercial
                     Information ..........................................................................13

       D.     RPX's Business Model Is Not Relevant To A Legitimate Damages
              Analysis.....................................................................................15

V.     CONCLUSION....................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Am. Standard, Inc. v. Pfizer, Inc.*,
   828 F.2d 734 (Fed. Cir. 1987)........................................................................................14

*CF & I Steel Corp. v. Mitsui & Co.*,
   713 F.2d 494 (9th Cir. 1983) ........................................................................................10

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
   649 F.2d 646 (9th Cir. 1980) ........................................................................................11

*Dow Chem. Canada Inc. v. HRD Corp.*,
   *No. 05-023, 2009 WL 4039570 (D. Del. Nov. 20, 2009)* ............................................9

*Edix Media Group, Inc. v. Mahani*,
   No. Civ.A. 2186, 2006 WL 3742595 (Del. Ch. Dec. 12, 2006), *aff'd*, 935 A.2d 242
   (Del. 2007) ....................................................................................................................14

*Exxon Shipping Co. v. U.S. Dep't of Interior*,
   34 F.3d 774 (9th Cir. 1994) ..........................................................................................10

*Hallamore Corp. v. Capco Steel Corp.*,
   259 F.R.D. 76 (D. Del. 2009) ........................................................................................10

*Haworth, Inc. v. Herman Miller, Inc.*,
   998 F.2d 975 (Fed. Cir. 1993)........................................................................................12

*In re Elec. Arts, Inc.*,
   298 Fed. Appx. 568 (9th Cir. 2008)...............................................................................14

*ITT Mfg. Enters., Inc. v. Cellco P'ship*,
   No. 09-190, 2010 WL 604767 (D. Del. Feb. 17, 2010)..................................................13

*Lucent Techs., Inc. v. Gateway Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)......................................................................................16

*Mannington Mills v. Armstrong World Indus., Inc.*,
   206 F.R.D. 525 (D. Del. 2002) ................................................................................13, 15

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   218 F.R.D. 423 (D. Del. 2003) ......................................................................................11

*Micro Motion, Inc. v. Kane Steel Co.*,
   894 F.2d 1318 (Fed. Cir. 1990)..........................................................................12, 14, 16

*Nidec Corp. v. Victor Co. of Japan*,
    249 F.R.D. 575 (N.D. Cal. 2007) ........................................................................................12

*Shomide v. ILC Dover, Inc.*,
    521 F. Supp. 2d 324 (D. Del. 2007) .....................................................................................9

*Stambler v. RSA Sec., Inc.*,
    212 F.R.D. 470 (D. Del. 2003) .............................................................................................8

*Tourgeman v. Collins Fin. Servs., Inc.*,
    No. 08-1392, 2009 WL 3073714 (S.D. Cal. May 4, 2009) ................................................10

*Tristata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
    961 F. Supp. 686 (D. Del. 1997) .......................................................................................17

*W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*,
    No. 08-CV-80897, 2010 WL 181088 (D. Del. Jan. 19, 2010) ..........................................11

**STATUTES**

Cal. Civ. Code § 3426.1(d) ..........................................................................................................14

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 16 ..........................................................................................................................8

Fed. R. Civ. P. 26 ....................................................................................................................10, 11

Fed. R. Civ. P. 45 ................................................................................................................. *passim*

**OTHER AUTHORITIES**

Del. L.R. 16.4 ...........................................................................................................................8, 9

N.D. Cal. L.R. 26-2 ........................................................................................................................8

Non-Party RPX Corporation ("RPX") hereby opposes the motion to compel filed by Defendant AT&T Mobility LLC ("AT&T") on February 23, 2010 in the United States District Court for the Northern District of California, and subsequently transferred to this Court pursuant to an order entered by Magistrate Judge Bernard Zimmerman on March 5, 2010.

## I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On January 18, 2010, several months after the close of fact discovery in the underlying case, AT&T served a Fed. R. Civ. P. 45 subpoena on non-party RPX in the Northern District of California, seeking document production and deposition testimony.  The subpoena was not accompanied by the witness fees required under Rule 45, and thus was invalid.  RPX served objections to that subpoena on January 27, 2010.  In discussions following RPX's objections, AT&T revised the document requests and topics for deposition to some extent, and in an effort to cooperate, RPX voluntarily produced responsive documents and requested additional information as to why a deposition was required.  No substantive response to RPX's request was given.  Instead, on February 23, 2010, AT&T filed a motion to compel and a motion to shorten time in the United States District Court for the Northern District of California, Case No. 10-mc-80043-JSW (BZ).  RPX filed an opposition to the motion to shorten time on March 1, 2010, and on March 3, 2010, a telephonic discovery hearing was held before Judge Zimmerman, who expressed some doubts as to the enforceability of the subpoena.  On March 5, 2010, Judge Zimmerman issued an Order transferring the discovery dispute to this Court, and directed AT&T and non-party RPX to brief the matter to be heard at the March 17, 2010 pretrial conference.

## II.    SUMMARY OF ARGUMENT

AT&T's motion to compel should be denied.  Fact discovery in this case closed in October 2009.  Three months later, without seeking leave of Court to reopen discovery, AT&T

1

served a subpoena on non-party RPX in the Northern District of California.  The subpoena

essentially sought every document related to RPX's business, as well as an open-ended

deposition.  RPX objected to the subpoena as unduly burdensome and beyond the scope of

permissible discovery in light of RPX's non-party status and the fact that the information sought

was also in the possession of the current and former parties to the litigation.  The subpoena also

was invalid for failure to comply with Rule 45(b)(1).[1]  Nonetheless, on February 12, 2010, and in

an attempt to resolve the matter, RPX voluntarily agreed to produce documents.  At that time,

RPX again pointed out that AT&T was obligated to first seek information from the parties and

the former parties to the case.  RPX also represented that it would be willing to sit for a limited

deposition in the event that AT&T still needed information that was uniquely in RPX's

possession, subject to payment to offset RPX's costs of compliance.  In response, AT&T filed its

motion to compel.

      RPX opposes the instant motion on several independent grounds.  In addition to the

procedural issues presented by this Court's scheduling order and the invalid subpoena, the

motion in limine by Netcraft to exclude ███████████████, filed on February 15, 2010,

may moot this entire dispute.  Furthermore, AT&T already possesses multiple documents that

explain RPX's business model and which make clear that certain terms of RPX's membership

agreements are not an appropriate target of Rule 45 discovery.  The information that AT&T now

seeks to compel from RPX is proprietary and highly confidential.  AT&T has failed to explain

how such information is needed for any legitimate damages analysis, and has failed to explain

why it seeks this information from RPX without first deposing either Netcraft, a party in this

---

[1]     The subpoena did not include a witness fee as required by Rule 45.  AT&T
acknowledged this defect when it served a new subpoena on March 2, 2010, one week
after filing the instant motion.  Thus, the present motion to compel is based upon the
invalid subpoena.

litigation, or the two former parties to the case, T-Mobile USA, Inc. ("T-Mobile") and Cellco Partnership d/b/a Verizon Wireless ("Verizon").  In short, AT&T has not shown why its need for this information outweighs the burdens and costs that have been and would be imposed on non-party RPX.

It is evident that RPX is a non-party that does not uniquely possess any relevant or admissible information for a legitimate damages analysis.  Nonetheless, rather than seeking leave from this Court to conduct additional discovery, or waiting for this Court to hear and rule on the pending motion in limine, or bringing any action to compel discovery from the current and former parties to the litigation that are within this Court's jurisdiction and that do possess relevant and admissible information, AT&T instead opted to burden a third party and rushed to file a motion to compel in a different district court located across the country.  Not surprisingly, Judge Zimmerman expressed skepticism regarding AT&T's procedural posture and the validity of a subpoena served after the close of discovery, and ultimately he determined that the matter should be transferred to this Court for a conclusive resolution.

## III.   STATEMENT OF FACTS

### A.   Overview Of RPX's Business Model

RPX is a defensive patent aggregator.  *See* Exhibit A ¶ 3.  RPX acquires patent rights on behalf of its subscribing member companies to help defend those members against patent infringement assertions and suits brought by non-practicing entities ("NPEs").  *Id.*  RPX acquires patent rights both on the open patent market, as well as directly from NPEs and other patent owners who have asserted the patents in litigation.  *Id.*  In consideration for the services provided by RPX, each RPX member company pays an annual membership fee according to RPX's

standard rate card, which sets forth a fixed formula based upon each member's annual operating income.  *Id.* ¶ 4.



This information and more is publicly available, *see generally* http://www.rpxcorp.com, and is further explained in the many confidential documents that RPX already provided to AT&T ████████████████████

████████████████████ and RPX's voluntary response to the AT&T's subpoena.  *See* Exhibit A ¶¶ 8-9.

███████████████████████████████████████████████████

**B.      The *Netcraft v. AT&T* Litigation**

Defendants AT&T, Verizon, T-Mobile, Sprint Nextel Corporation ("Sprint"), and several

Sprint affiliates were sued for patent infringement in the instant action by Netcraft.  Sprint and its

affiliates settled with Netcraft in June 2009.  *See* Docket Entry No. 169.  ███████████████

███████████████████████████████████████████████████

Prior to the dismissal of Verizon and T-Mobile, AT&T served subpoenas on RPX, T-

Mobile, and Verizon, seeking essentially identical information with respect to ████████████

███████████████████████████████████████████████████

████  *See* Docket Entries Nos. 305, 309.  All three entities objected to the subpoenas.  *To date,*

*neither T-Mobile nor Verizon have produced any documents or any witness for a deposition, and*

*AT&T has not moved to enforce either subpoena.*[3]  With respect to RPX, AT&T presented

revised deposition and document requests on February 4, 2010.  *See* Declaration of Jeremy D.

Anderson in Support of AT&T Motion to Compel ("Anderson Decl.") Ex. G.  On February 11,

2010, after RPX communicated to AT&T that it would voluntarily produce non-privileged

---

[2]      █████████████████████████████████████████████████

[3]      These parties also were served with Delaware subpoenas, which would have been
enforceable in this Court rather than across the country in California.

documents responsive to the revised requests, AT&T reiterated its deposition demand.  The next

day, RPX wrote to AT&T and requested that AT&T first review RPX's voluntary production to

better evaluate whether a deposition was necessary, and then AT&T should explain what

information was still uniquely in RPX's possession.  Exhibit B at 3.  RPX also asked whether

AT&T would pay for RPX's costs of deposition preparation and testimony.  *Id.*  As discussed

below, AT&T's only response to this letter was the instant motion to compel and a statement that

it would not defray any of RPX's costs.

RPX proceeded to voluntarily produce 500 pages of documents on February 18-19, 2010.

Exhibit A ¶ 8.  These documents supplemented the numerous documents AT&T already had in

its possession, which had been provided by RPX ███████████████████████████████

██████████████████████████████████████████████  Accordingly, by

February 19, 2010, AT&T had in its possession (1)████████████████████████████

██████████████████ (2) Netcraft's production of all RPX-Netcraft communications regarding

████████████████████ (3) multiple drafts ████████████████████ (4) multiple

documents that explained RPX's business model and membership structure; and (5) final copies

of ██████████████████████████████████████████████████████████

██████████████████████████  AT&T also still had the option of deposing Netcraft

and/or the former parties to the case.

### C.   AT&T Files Motion To Compel

Several days prior to RPX's voluntary production, Netcraft filed a motion in limine to

exclude ████████████████████████  In light of RPX's production and the pending

motion in limine, RPX anticipated a follow-up discussion to address whether AT&T still

required a witness and if AT&T had sought similar discovery from the parties and former parties

to the case. *See* Exhibit B at 3. Instead, on February 22, 2010, AT&T presented its ultimatum—RPX must sit for a deposition or AT&T would file a motion to compel. RPX did not acquiesce because AT&T still had not provided any substantive reason for why it needed to chase RPX, a non-party, when the entire issue was set to be decided by the presiding court. RPX also declined to produce a witness because it independently verified (at least as recently as March 1, 2010) that AT&T had not taken any actions to enforce the subpoenas served by AT&T on T-Mobile and Verizon. AT&T also communicated that any payment to offset RPX's costs related to the requested discovery was out of the question. Exhibit D.

The next day, AT&T filed the motion to compel in the Northern District of California, along with a motion to shorten time requesting an order directing RPX to sit for a deposition prior to the pretrial conference. The justification for the accelerated schedule was that AT&T "needs to take RPX's deposition and receive the documents before the March 17 pretrial conference, at which time [AT&T] must identify witnesses and deposition testimony to be offered at trial." Exhibit E at 3. RPX opposed the motion to shorten time, primarily because the motion in limine pending before this Court could likely render AT&T's requests moot. Exhibit F at 2-3. RPX also opposed any motion based on an invalid subpoena, as AT&T still had not tendered witness fees as required by Rule 45. *Id.* at 3-4.

RPX filed its opposition to the motion to shorten time on March 1, 2010. The next day, AT&T served on RPX a new subpoena including witness fees, thereby acknowledging that the original subpoena—and the legal basis for this motion to compel—was invalid. *See* Docket Entry No. 372. That same day, AT&T also filed a motion to compel against Netcraft, again

(coincidentally) one day after RPX's opposition highlighted AT&T's failure to compel testimony

from a party to the case. *See* Docket Entry No. 371.[4]

On March 3, 2010, Judge Zimmerman held a telephonic discovery conference, with

counsel for AT&T, RPX, and Netcraft in attendance. *See* Exhibit G. Judge Zimmerman

proposed that the matter was better suited for determination by this Court, noting in particular

that he had no ability to alter another court's scheduling order. *Id.* at 9. Judge Zimmerman

entered the transfer order on March 5, 2010, stating therein that "RPX's objections to the

subpoena include that it is prohibited by the Delaware Court's discovery cut off and that it

substantially overlaps with a pending motion in limine to be decided by the Delaware Court on

March 17, 2010." Exhibit H at 1.

## IV.    ARGUMENT

### A.    AT&T Failed To Obtain This Court's Permission Prior To Reopening Discovery

Inquiries after the close of fact or expert discovery deadlines, without prior permission of

the court, exceed the permissible scope of discovery allowed under the Federal Rules of Civil

Procedure and the local rules for both the District of Delaware and the Northern District of

California. *See* Fed. R. Civ. P. 16(b); Del. L.R. 16.4; N.D. Cal. L.R. 26-2.[5] Accordingly, a party

may not unilaterally reopen discovery. *See id.* The reason for this rule is clear: "In every trial

there comes a time when discovery must be closed for the issues to be resolved through summary

judgment and/or trial." *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003). Courts

---

[4]     The practical effect of that motion to compel likely is minimal, as RPX understands that Netcraft and AT&T already had agreed to postpone any dispute regarding the deposition until after the March 17 pretrial conference.

[5]     Because the subpoena was issued by the Northern District of California and the motion to compel was transferred from a court in that district, RPX's opposition will be supported by the applicable law of both venues, as well as the law of the Federal Circuit.

are uncompromising in this respect. *See, e.g., Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 331 (D. Del. 2007) ("Plaintiff cannot escape the fact that he filed the second set of discovery requests outside the discovery deadline. Accordingly, the court will grant defendant's motion to quash.").

It is too late for AT&T to correct its missteps. The Scheduling Order issued by this Court requires the parties to contact chambers to address any relief with respect to discovery schedule issues. *See* Docket No. 65 ¶ 5(a). AT&T did not comply with this instruction. In addition, Del. L.R. 16.4 requires:

> Unless otherwise ordered, a request for an extension of deadlines for completion of discovery or postponement of the trial shall be made by motion or stipulation prior to expiration of the date deadline, and shall include the following:
>
> (a) The reasons for the request; and
>
> (b) Either a supporting affidavit by the requesting counsel's client or a certification that counsel has sent a copy of the request to the client.

AT&T cannot show good cause because it never sought relief in the first place. *See Dow Chem. Canada Inc. v. HRD Corp.*, No. 05-023, 2009 WL 4039570, at *1 (D. Del. Nov. 20, 2009) (in order to obtain discovery from non-parties after close of discovery, proponent first "was required to make a 'good cause' application to the Court."). Accordingly, AT&T's subpoena should be quashed. *See nSight v. PeopleSoft, Inc.*, No. 04-3836, 2006 WL 988807, at * 3 (N.D. Cal. Apr. 13, 2006) ("Courts have emphasized that a party's further investigation and trial preparation after a discovery cut-off may not invoke the authority of the court to issue a Rule 45 subpoena.").[6]

---

[6]   Judge Zimmerman expressed similar doubts regarding AT&T's standing to bring a motion to compel at this stage of the proceedings: "I have no -- if this case stays here -- this is another reason why it has to go back to Delaware. I have no ability to alter Judge Sleet's discovery dates. In other words, it seems to me that the remedy should have been when [AT&T] discovered this problem, not -- you know, to have gone back to Judge Sleet and ask Judge Sleet if he would reopen discovery for this limited purpose." Exhibit G at 9.

**B.      AT&T's Motion Seeks To Enforce An Invalid Subpoena**

AT&T did not tender witness fees when it served its non-party subpoena on RPX.

Failure to tender witness fees at the time of service renders a subpoena invalid.  *See* Fed. R. Civ.

P. 45(b)(1); *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983) ("[W]e hold

the plain meaning of Rule 45(c) requires simultaneous tendering of witness fees and the

reasonably estimated mileage allowed by law with service of a subpoena.").  AT&T attempted to

correct the problem by serving a new subpoena on March 2, 2010.  However, a significant

procedural defect remains.  AT&T's motion to compel was filed February 23, 2010, and a new

subpoena cannot be attached to the pending motion.  *See Tourgeman v. Collins Fin. Servs., Inc.*,

No. 08-1392, 2009 WL 3073714, at *1 (S.D. Cal. May 4, 2009) ("Defendants admit that they

failed to tender…witness fees with the deposition subpoenas.  Defendants argue that, because the

witness fees were promptly tendered when they received notice, 'Plaintiff no longer has a legal

leg to stand on.'…Defendants [are] mistaken.").  *See also Hallamore Corp. v. Capco Steel*

*Corp.*, 259 F.R.D. 76, 80 n.12 (D. Del. 2009) (court is "not permitted" to rule on a motion to

enforce an invalid subpoena).[7]

**C.      AT&T Cannot Impose Undue Burdens On RPX**

AT&T's discovery requests are governed not only by Rule 26, which limits discovery

that "is unreasonably cumulative or duplicative, or can be obtained from some other source that

is more convenient, less burdensome, or less expensive," but also by Rule 45, which further

requires that the propounding party take "reasonable steps to avoid imposing undue burden or

expense."  *See* Fed. R. Civ. P. 45.  *See also Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d

---

[7]      The motion to compel filed in this Court only references the January 18, 2010 subpoena.
Moreover, AT&T's "revised" March 2, 2010 subpoena still contains the fourteen
original, broad document requests, belying AT&T's position that there has been a
significant compromise.

774, 779 (9th Cir. 1994) ("The Federal Rules...afford nonparties special protection against the time and expense of complying with subpoenas."); *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 08-80897, 2010 WL 181088, at *1 (D. Del. Jan. 19, 2010) ("Rule 45(c)(1) mandates that a party responsible for issuing the subpoena 'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena;' the issuing court 'must enforce this duty' pursuant to Rule 45(a)(3)(A)(iv)."). Indeed, "[i]t is incumbent upon counsel in the first instance to order discovery demands, particularly against non-parties, in such a way that the burdens of giving evidence are reasonable, under all of the circumstances presented." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 218 F.R.D. 423, 424 (D. Del. 2003).

AT&T ignores the standards for non-party discovery under Rule 45. *Cf. Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("[T]he word nonparty serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.") (citation omitted). AT&T's motion to compel does not even discuss Rule 45. Instead, AT&T only cites Rule 26, asserting that RPX must demonstrate "extraordinary circumstances" to avoid the subpoena, and assumes that "[n]on-parties routinely sit for depositions." AT&T Mot. to Compel at 7-8. This is not the correct standard for non-parties, and is certainly not the appropriate rule considering the circumstances of the instant case.

### *1.*      *AT&T's "Narrowed" Requests Still Impose An Undue Burden*

Based on AT&T's broad justifications for the discovery sought and its repeated references to Rule 26 rather than Rule 45, it is apparent that AT&T believes that RPX should be treated like a party while discovery is still open, in contrast to the actual reality. A non-exhaustive sampling from AT&T's motion is telling:

- "The Court should grant this motion because the testimony and information sought by [AT&T] is relevant to Plaintiff Netcraft Corporation's alleged damages, and there are no extraordinary circumstances prohibiting RPX's deposition."  AT&T Mot. to Compel at 1.

- "Federal Rule of Civil Procedure 26(b)(1) provides that a party 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Id.* at 3.

- "The testimony sought by [AT&T] is discoverable because it bears on Netcraft's alleged damages and could lead to other information that could bear on that issue." *Id.* at 4.

- "The testimony sought by [AT&T] also could lead to other information that could bear on the reasonable royalty calculation." *Id.* at 5.

- "[AT&T] seeks to explore ███████████████████████████████████████████

- "[AT&T] seeks to depose RPX to fully understand (and later establish at trial) the similarities and differences between ████████████████████████████

"[C]ould lead..."  "[C]ould bear..."  "[S]eeks to explore..."  "Seeks...to fully understand..."

These are improper fishing expeditions, not thoughtfully tailored discovery requests.  *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery.").

### 2. AT&T Must Obtain Discovery From The Parties And Former Parties Before Burdening A Non-Party

AT&T cannot burden a non-party without making some attempt to obtain the same information from the parties or former parties to the case.  *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) ("[T]he district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("The burden on the third party...outweighs the likely benefit of the subpoena at least in the absence of a convincing showing that the subpoena is likely to yield *unique and material evidence* from the third party.") (emphasis added).

AT&T itself recently (and successfully) objected to a Rule 45 subpoena seeking non-party discovery in this District. *See ITT Mfg. Enters., Inc. v. Cellco P'ship*, No. 09-190, 2010 WL 604767 (D. Del. Feb. 17, 2010). AT&T argued that it should not be burdened by irrelevant and unnecessary discovery, especially when any relevant information was also in the possession of the parties to the lawsuit. In granting AT&T's motion to quash, the court noted:

> AT&T is not a party and is not alleged to have infringed the patent-in-suit. Moreover, and more fundamentally, ITT cannot, at this point, establish that it has no other means of obtaining the discovery it seeks from AT&T. The discovery ITT seeks may be available from LG (or other defendants) and, pursuant to this Order, ITT will now obtain from LG whatever responsive material it possesses.

*Id.* at *1.

To the extent that any relevant information ███████████████████████ is "unique," it is not uniquely in RPX's possession. Because Netcraft has produced all non-privileged documents related to ███████ and a Netcraft witness is available to testify on that subject, AT&T cannot justify a need for duplicative discovery from RPX. *See Mannington Mills v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) ("Although the financial, marketing and sales data of [the non-party] is "unique" in the sense that it is information about [the non-party], financial, marketing and sales information is not uniquely available from [the non-party], the party from whom the information is sought."). AT&T has possessed the relevant documents for almost two months, and any additional information is available from Netcraft and the former parties to the case.

### 3.   *AT&T Wants Access To Highly Confidential Commercial Information*

The burden AT&T seeks to impose is magnified by the fact that until very recently,

███████████████████████████████████████████████████████████████

███████████████████████████████████████████

The ████████████████████████ are proprietary to RPX and constitute

trade secrets. *See* Exhibit A ¶ 10; Cal. Civ. Code § 3426.1(d).[8]  Under such circumstances,

AT&T cannot justify its demands merely on relevance.  Because ████████████████

██████████████████████████████ AT&T also must

"establish that [the request] is reasonably necessary for a fair opportunity to develop and prepare

the case for trial."  *Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987).  With

respect to a non-party subpoena seeking evidence purportedly related to a damages analysis, this

means that "*[e]ven if relevant*, discovery is not permitted where no need is shown, or compliance

would be unduly burdensome, or where harm to the person from whom discovery is sought

outweighs the need."  *Micro Motion*, 894 F.2d at 1323.  *See also Mannington Mills*, 206 F.R.D.

at 529 (citing *Micro Motion*).  In other words, even assuming that the information sought has

some tangential relevance to the damages analysis in this case, AT&T's position is fatally flawed

---

[8]      *See also In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (unpublished)
("[T]he precise sort of information EA seeks to seal in this case–the pricing terms,
royalty rates, and guaranteed minimum payment terms found in paragraph 6 of the 2006
Licensing Agreement…is also information that plainly falls within the definition of
'trade secrets.'"); *Edix Media Group, Inc. v. Mahani*, No. Civ.A. 2186, 2006 WL
3742595, at * (Del. Ch. Dec. 12, 2006), *aff'd*, 935 A.2d 242 (Del. 2007) ("[T]he rates
that advertisers pay to EDIX would constitute a trade secret.  A magazine such as
*StreetTrenz* derives substantial value by concealing any deviations from published rates
given to large or favored advertisers, as this secrecy helps them to enforce the rate card
with respect to other firms.").

because it has failed to show any need for this information, compliance under either subpoena would be unduly burdensome, and the *actual* harm to RPX would far outweigh any benefit.[9]

### D.  RPX's Business Model Is Not Relevant To A Legitimate Damages Analysis

If this Court grants Netcraft's motion in limine, any evidence tied to RPX will not be relevant to any issues presented at trial.[10]  Yet even assuming that Netcraft's motion is denied in whole or in part, and further assuming that AT&T can somehow overcome the aforementioned procedural defects to the subpoena, the structure of RPX's business eliminates any actual relevance to a reasonable royalty calculation.



---

[9]     AT&T suggests that a protective order will solve the dispute.  In response, RPX must reiterate AT&T's failure to protect information according to the protective order in this case.  *See* Exhibit A ¶ 7.  In addition, RPX cannot control how the parties to the case will use this information or disclose it during trial.  *See Mannington Mills*, 206 F.R.D. at 531 ("Although the protective order allows the designation by [the non-party] that such information is confidential and limits initial disclosure to outside counsel, the parties to this litigation are left with the option of how disclosure of such confidential information is handled at trial.").

[10]    AT&T added an argument to the motion to compel—despite the fact that the document was to be filed here in its original form because the motion was transferred—that posits "[i]n the event that the Court grants Netcraft's motion *in limine*, the requested RPX discovery would nonetheless be necessary as Mobility would still be required to make an offer of proof regarding such at trial in order to preserve its appellate rights."  AT&T Mot. to Compel at 7.  Not only is there no case support provided for this proposition, but AT&T will have more than adequate alternative means to preserve the record, either at the pretrial conference or at trial, without further harassment of RPX.

having possessed for almost two months ███████████ and all the non-privileged documents

related to ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████



    In addition, the evidence that apparently is within RPX's control—██████████████

██████████████████████████████████—is even less relevant.  Members pay annual fees

based upon operating income. ████████████████████████████████████

    In its recent *ResQNet* decision, the Federal Circuit stated that licenses that involve rights

different from those in the patents-in-suit are not appropriate for a damages analysis.  There, the

plaintiff's damages expert attempted to inflate the reasonable royalty calculation by looking to

licenses that involved rights beyond those conferred by the patent-in-suit, including licenses that

did not mention the patent at all.  *See ResQNet.Com, Inc. v. Kaplan & Gilman, LLC*, 594 F.3d

860, 869-71 (Fed. Cir. 2010).  Here, AT&T apparently seeks to artificially deflate a reasonable

royalty calculation by ████████████████████████████████████████████

██████████████████████████████████████████  Such an analysis is

not proper and will not provide relevant data.  *See id.* at 871.  *See also Lucent Techs., Inc. v.*

*Gateway Inc.*, 580 F.3d 1301, 1328 (Fed. Cir. 2009) ("[A] reasonable juror could only conclude that the IBM-Dell license agreement for multiple patents to broad, PC-related technologies is directed to a vastly different situation than the hypothetical licensing scenario of the present case involving only one patent").

To the extent that AT&T needs to establish a reasonable royalty, the parties in possession of relevant information are Netcraft, the patent holder, and T-Mobile and Verizon, the parties formerly accused of infringement ██████████████████████████████████ ████████████████████████████████████████████████████ ████████████████[11] AT&T also can look to Sprint, who to the best of RPX's knowledge entered into a settlement agreement with Netcraft in June 2009 (notably during fact discovery).

## V.       CONCLUSION

For the reasons set forth above, non-party RPX respectfully requests that this Court deny AT&T's motion to compel, and quash any further discovery demands imposed upon RPX.[12]

---

[11]       Indeed, it appears that AT&T seeks such information, ██████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ This sort of information is not in RPX's possession.

[12]       While a formal cross motion is not pending, district courts have discretion in resolving discovery disputes, including quashing a subpoena when ruling on a motion to compel. *See nSight*, 2006 WL 988807, at *2 ("In ruling on a motion to compel, a court may quash or modify the subpoena if it fails to allow a reasonable time for compliance or subjects the non-party to an undue burden."). *See also Tristata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997) ("[T]he district court has broad discretion in deciding discovery issues.").

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Maryellen Noreika (#3208)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mnoreika@mnat.com

*Attorneys for Non-Party RPX Corporation*

OF COUNSEL:

Michael J. Malecek
Terence P. Woodsome
DEWEY & LEBOEUF LLP
1950 University Avenue, Suite 500
East Palo Alto, CA  94303
(650) 845-7000

March 11, 2010 - Original Filing Date
3444803
March 18, 2010 - Redacted Filing Date

18

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Tara D. Elliott, Esquire
FISH & RICHARDSON P.C.

Collins J. Seitz, Jr., Esquire
CONNOLLY BOVE LODGE & HUTZ LLP

I further certify that I caused copies of the foregoing document to be served on March 18, 2010, upon the following in the manner indicated:

Tara D. Elliott, Esquire                                    *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue – 17th Floor
Wilmington, DE  19801
*Attorneys for Netcraft Corporation*

Frank E. Scherkenbach, Esquire                             *VIA ELECTRONIC MAIL*
Craig R. Smith, Esquire
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
*Attorneys for Netcraft Corporation*

Michael J. Kane, Esquire                                   *VIA ELECTRONIC MAIL*
William R. Woodford, Esquire
FISH & RICHARDSON P.C.
3200 South Sixth Street
Minneapolis, MN  55402
*Attorneys for Netcraft Corporation*

Craig E. Countryman, Esquire                               *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
*Attorneys for Netcraft Corporation*

Collins J. Seitz, Jr., Esquire                          *VIA ELECTRONIC MAIL*
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
*Attorneys for AT&T Mobility LLC*

Michelle L. Alamo, Esquire                              *VIA ELECTRONIC MAIL*
DICKINSON WRIGHT PLLC
500 Woodward Avenue
Suite 4000
Detroit, MI  48226-3425
*Attorneys for AT&T Mobility LLC*

H. Jonathan Redway, Esquire                             *VIA ELECTRONIC MAIL*
Doug E. Agopsowicz, Esquire
DICKINSON WRIGHT PLLC
International Square
1875 Eye Street, N.W. – Suite 1200
Washington, DC  20006
*Attorneys for AT&T Mobility LLC*

Bryant C. Boren, Jr., Esquire                           *VIA ELECTRONIC MAIL*
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA  94304-1014
*Attorneys for AT&T Mobility LLC*

Jeff D. Baxter, Esquire                                 *VIA ELECTRONIC MAIL*
BAKER BOTTS LLP
201 Ross Avenue
Dallas, TX  75201-2980
*Attorneys for AT&T Mobility*


*/s/ Maryellen Noreika*

_____

Maryellen Noreika (#3208)